## Vinkelstein *v.* Northwestern National Insurance Co., Appellant.

*Insurance—Fire insurance—Proof of loss—Time when proofs were received.*

In an action upon a policy of fire insurance it appeared that the company defended on the ground that the proofs of loss had not

been received "within sixty days after the fire" as required by the policy. The evidence showed that the proofs were mailed from Scranton to Milwaukee, the home office of the company, on March 4th, were registered by the post office authorities; had a special delivery stamp thereon, and were put on a train leaving Scranton at 1:50 p. m., March 4th. The assistant postmaster of Scranton testified from his own experience and from the records of the post office that the mail on the train specified should have reached Chicago the next morning, and Milwaukee before three p. m. of March 5th. The defendant offered no evidence to controvert this testimony, but did place in evidence the return register receipt signed by the secretary of the company, and showing date of delivery March 6th. The secretary was not called. *Held,* that it was not error to leave the time of the delivery and receipt of the proofs of loss to the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued March 9, 1916. Appeal, No. 39, March T., 1916, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1913, No. 1396, on verdict for plaintiff in case of Harry Vinkelstein and Albert Horvitch, trading as Vinkelstein & Horvitch, v. Northwestern National Insurance Company of Milwaukee, Wisconsin. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before BARBER, P. J., specially presiding.

The facts are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $687. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant and in refusing to enter judgment for defendant n. o. v.

M. J. Martin, with him Ralph W. Rymer, for appellant.—The time when proofs of loss are to be filed is essential: Kness v. Anchor Fire Ins. Co., 31 Pa. Superior

Ct. 521; Dunn v. Farmers Ins. Co., 34 Pa. Superior Ct.
245; German American Ins. Co. v. Hocking, 115 Pa.
398; Hocking v. Howard Ins. Co., 130 Pa. 170; North-
western Ins. Co. v. Phœnix Oil Co., 31 Pa. 448; Oshkosh
Match Co. v. Ins Co., 92 Wis. 510; Seibel v. Lebanon,
Etc., Ins. Co., 197 Pa. 106; Thornton v. Security Ins.
Co., 117 Fed. Rep. 773; West Branch Ins. Co. v. Helfen-
stein, 40 Pa. 289.

While the insured is permitted to send his proofs of
loss by mail, he takes the risk in so doing of his ability to
prove at the trial that he did in fact furnish them to the
company within the time prescribed: Hottner v. Fire
Ins. Co., 31 Pa. Superior Ct. 461; Peabody v. Satterlee,
166 N. Y. 174.

*C. P. O'Malley,* of *Warren, Knapp, O'Malley & Hill,*
with him *Myer Kabatchnick* and *A. G. Rutherford,* for
appellee.—There was evidence upon which a jury could
find, as it did find, that the insured, the plaintiffs, ren-
dered proofs of loss to the defendant company within
sixty days from the date of the fire: Jensen v. McCork-
ell, 154 Pa. 323; London Assurance Corp. v. Russell, 1
Pa. Superior Ct. 320; Veley v. Clinger, 18 Pa. Superior
Ct. 125; Farmers Nat. Bank v. Marshall, 9 Pa. Superior
Ct. 621.

Mailing proofs of loss at such time that in the due
course of mail the proofs will reach the company on or
before the sixtieth day after the fire is a compliance with
the provision requiring that "within sixty days after the
fire" the insured "shall render" proofs of loss: Mfg.,
Etc., Ins. Co. v. Zeitinger, 168 Ill. 286; McKibben v.
Des Moines Ins. Co., 114 Ia. 41; Badger v. Glens Falls
Ins. Co., 49 Wis. 389.

OPINION BY WILLIAMS, J., July 18, 1916:

This is a suit on a policy of fire insurance containing
the usual clause that proofs of loss must be furnished by
the insured within sixty days after the fire.  A fire oc-

curred January 5, 1913. The proofs were sent and were received, but a dispute arose as to when they were received. The clause referred to was in the following words: "within sixty days after the fire......shall render a statement to the company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured, etc." Of course as a condition precedent to recovery the insured must show that they have complied with the terms of the policy in furnishing the proofs of loss, but whether they have done so or not in this particular case was a question for the jury.

At the trial the plaintiffs offered evidence to show that the proofs of loss were prepared March 3, 1913, were mailed at Scranton, March 4, 1913; were registered by the post office authorities; had a special delivery stamp thereon and were put on the train leaving Scranton at 1:50 p. m., March 4, 1913. The plaintiffs called a witness, the assistant postmaster who testified that he had been connected with the postal department of the City of Scranton between six and seven years and that he was familiar with the usual time for the transportation of mails between different points and particularly between Scranton and Milwaukee, Wisconsin, the home office of the insurance company. From the records in the post office it was shown that this particular piece of mail matter left Scranton on the 1:50 train, March 4, 1913, and the witness testified it should have reached Chicago the next morning and Milwaukee before 3:00 p. m. of the 5th day of March, 1913. He described fully the method of handling registered special delivery mail.

The defendant called no witnesses to controvert these facts nor to show when the package was actually received by it, but offered in evidence the return register receipt showing the following "Date of delivery March 6, 1913, Northwestern National Ins. Co. per Jos. Huebl, Secy." It would have been an easy matter to have called Jos. Huebl as a witness or at least taken his deposition and

thus submitted him to cross-examination. However, this was not done.

The question was left to the jury, which by the verdict found, must have believed the contention of the plaintiffs that the proofs were received in time. We are of the opinion that this settles the question in favor of the plaintiffs and we need not discuss the question of waiver. The court under the evidence could not direct a verdict for the defendant nor enter judgment non obstante veredicto.

The assignments of error are overruled and the judgment affirmed.