## Giordano v. St. Paul Fire and Marine Ins. Co., Appellant.

*Insurance — Fire insurance — Proofs of loss — Time — Mailing proofs.*

Where a policy of fire insurance provides that the insured shall within sixty days after a fire render a statement to the company of the time and origin of the fire, mailing such statement on the sixtieth day after the fire, and its arrival at the company's office on the sixty-first day, is a sufficient compliance with the policy.

Argued March 8, 1917.   Appeal, No. 61, March T., 1917, by defendant, from judgment of C. P. Luzerne Co., on verdict for plaintiff in case of Michael Giordano and Anna Rosa Giordano v. St. Paul Fire and Marine Insurance Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on a policy of fire insurance.

The case turned on whether proofs of loss had been rendered in time.

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Andrew Hourigan,* with him *Frank Lewis Pinola,* for appellant.—Mailing proofs of loss on the sixtieth day after the fire so that they were not received by the company until the sixty-first day is not a compliance with the requirement of the policy that the insured "within sixty days after the fire.......shall render......to this company" proper proofs of loss: Peabody v. Satterlee, 59 N. E. (N. Y.) 818; Lake Geneva Ice Co. v. Selvage, 73 N. Y. Supp. 193; Huse, Etc., Ice, Etc., Co. v. Wielar, 86 N. Y. Supp. 24; Dunn v. Farmer's Fire Ins. Co., 34 Pa. Superior Ct. 245; Hottner v. Aachen, Etc., Fire Ins. Co., 31 Pa. Superior Ct. 466; Vinkelstein v. Northwestern Material Ins. Co., 63 Pa. Superior Ct. 538.

Rendition of proper proofs of loss to the company within sixty days after the fire is a condition precedent to a right of recovery: Forester v. Teutonia Fire Ins. Co., 60 Pa. Superior Ct. 158; Gould v. Ins. Co., 134 Pa. 570; Dunn v. Farmer's Ins. Co., 34 Pa. Superior Ct. 245; Hottner v. Aachen, Etc., Fire Ins. Co., 31 Pa. Superior Ct. 467; Vinkelstein v. Northwestern, Etc., Ins. Co., 63 Pa. Superior Ct. 538.

*John M. Bigelow,* with him *N. M. Curcio,* for appellees.—The proofs of loss were mailed in time: Mfg. & M. Ins. Co. v. Zeitinger, 48 N. E. Rep. 179; Caldwell v. Dwelling H. Ins. Co., 61 Mo. App. 4; Vinkelstein v. Northwestern M. I. Co., 63 Pa. Superior Ct. 538; Whitmore v. Dwelling H. Ins. Company, 148 Pa. 405; Folsom v. Cook, 115 Pa. 539; Coventry Mut. Live Stock Ins. v. Evans, 102 Pa. 281; Steele v. German Ins. Co., 53 N. W. Rep. 515; Kenton Ins. Co. v. Downs, 13 S. W. Rep. 882.

OPINION BY HENDERSON, J., May 7, 1917:

The plaintiff's action was on a policy of insurance. The only question presented on the appeal arises out of a provision of the policy that the insured shall within 60 days after the fire render a statement to the company as to the time and origin of the fire, etc. It is conceded that proofs of loss were mailed in the City of Hazleton, Pa., on the sixtieth day after the fire and that they arrived in New York, where the defendant has an office, on the same day. No witness was called to show that the proofs were not delivered to the office of the company that day but a registered letter receipt produced in evidence was stamped the following day, the sixty-first day after the fire. The appellant contends that the plaintiff has made default in that he did not actually deliver to the office of the defendant in New York the proofs of loss not later than the sixtieth day. The learned trial judge instructed the jury that the plaintiff had complied with the conditions of the policy in this respect and on a motion non obstante veredicto reaffirmed his former ruling. The precise question does not appear to have been decided in this State and the authorities in other states to which our attention has been called are not in harmony. It was held in Peabody v. Satterlee, 59 N. E. Rep. 818, N. Y. Court of Appeals, that the depositing of the proofs of loss in the mail on the sixtieth day after the fire occurred can not be held a compliance with the provisions of the policy. An examination of this case shows that three of the judges dissented from the opinion and that the appellate division held the performance to be sufficient. On the other hand in Mfg. & M. Ins. Co. v. Zeitinger, 48 N. E. Rep. 179, Supreme Court of Illinois in which the proofs were mailed on the fifty-ninth day but not received by the company until the sixty-first day the court held that the mailing of proofs of loss before the expiration of the sixty days was a substantial compliance with the requirements of the policy. The same question arose in Caldwell v. Dwelling H. Ins.

Co., 61 Mo. 4. In that case as in the one before us the proofs arrived at the post office of the insurer on the sixtieth day but were not called for by the insurer until the following day and this was held to be in time. It is a reasonable presumption arising from the course of business that the parties in contracting contemplated the use of the mail in furnishing the proofs of loss. It was not intended that the insured should go in person or send an agent half way across the continent to deliver his proofs. It is a matter of common knowledge that the customary way of transacting business of this character is to post the communication in the United States mail for delivery and the plaintiff adopted this method. The reliability of the public mail service is so well understood that it is held to be a natural presumption founded on experience that a properly addressed prepaid letter deposited in the post office reached its destination by due course of mail and that it was received by the person to whom it is addressed: Whitmore .v. Dwelling Ins. Co., 148 Pa. 405. Such presumption may of course be rebutted by proof that it was not received. But in the absence of evidence to the contrary the presumption remains. The 'sixty days' provision in the policy was introduced for the purpose of giving the insured sufficient time to acquire the necessary information and to properly prepare the document called for. In some cases a short time would be required; in others a much longer time. The limit fixed in the policy was evidently considered a reasonable period regard being had to the nature of the business. If the insured within that time places in the mail within the reach of the insurer at its place of business the required proofs we think he has performed his contract according to its fair intent. The contract as we view it is susceptible of this construction and it should be construed most favorably to the insured. The case of Vinkelstein v. Northwestern M. Ins. Co., 63 Pa. Superior Ct. 538, turned on the question of

GIORDANO *v.* ST. PAUL F. & M. INS. CO., Appellant. 579

fact when the proofs of loss were received in Milwaukee and does not discuss the question now raised.

The judgment is affirmed.

KEPHART, TREXLER and WILLIAMS, JJ., dissent.