Straub *v.* Edward G. Budd Manufacturing Company et al., Appellants.

Argued November 1, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Webster Jones,* of *Jones & Poole,* for appellants.

*Vincent D. Nicholson,* of *Taylor, Hoar & Nicholson,* for appellee.

Opinion by Parker, J., December 18, 1934:

The employer and its insurance carrier, having appealed from a judgment entered for the claimant in a workmen's compensation case by a court of common pleas, here principally urge that the petition which formed the basis of the award was presented too late to the Workmen's Compensation Board. The chronology of the case is therefore important.

The claimant met with an accident on January 11, 1927, while in the employ of the Edward G. Budd Manufacturing Company and was awarded compensation for 33 weeks. Thereafter, on February 25, 1931, on petition of claimant, an additional award was made for total disability for an additional period of 33 weeks. The referee reported: "We find as a fact that the claimant has suffered a recurrence of disability; that total disability existed for a period of 33 weeks as heretofore set forth at length and that the claimant still suffers a partial disability. Upon proof that such partial disability affects his earning power, a further award may be made for such loss within the premises of the Workmen's Compensation Act of 1915, and the amendments thereto."

On March 10, 1931, the insurance carrier mailed to V. D. Nicholson, Esq., attorney for claimant, from Boston, Massachusetts, a check for $396, accompanied by a receipt which was to be signed and returned. The check, drawn on a Boston bank to the order of the attorney, was received by the attorney on March 11 and deposited by him for collection in due course. The proceeds were actually received on March 14 when settlement was made by the attorney with the claimant.

On March 11, 1932, the claimant executed and made affidavit to a petition for a reinstatement of the award. On this same day the petition was delivered to those in charge of a branch office of the Workmen's Compensation Board in the Market Street National Bank

Building, Philadelphia, and it was there mailed on the same day to the principal office of the bureau so that it was finally lodged there on March 12, 1932. Was this petition presented in time?

Technical rules of pleading do not apply to these proceedings: Gairt v. Curry Coal Mining Co., 272 Pa. 494, 116 A. 382. We are not bound by the form used in seeking relief but may determine the question on grounds that have been proved, and resort may not be had to such rules to defeat a meritorious case made out by the evidence. There was sufficient competent evidence to support a finding by the referee or board that there had been a recurrence of compensable disability and Section 413 of the Compensation Law (77 PS 772) is therefore applicable, and it remains only to determine whether the petition was presented within the limitations prescribed by that section. It is therein provided that the board or referee "may, at any time, modify, reinstate ...... an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred ...... or that the status of any dependent has changed ...... Provided, That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run, if for a definite period; and, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement."

The board fell into the error of dating the period of limitations from March 3, 1931, which was the date upon which notice of the award was mailed to the parties in interest. The period within which an appeal may be taken from the board to the court of common pleas is fixed by the time when such notice of the action

is served upon the parties; but upon a petition for review or reinstatement, the period of limitations begins to run from a different time. We are concerned here only with the limitations fixed by Section 413. The claim being for partial disability and 300 weeks not having expired, that condition is eliminated and we have left for consideration the question as to whether the petition was presented within "one year after date of last payment of compensation."

The claimant insists that such payment was not made until March 14, 1931, and that the petition for reinstatement was made as of March 11, 1932, while the appellants fix the respective dates as March 10, 1931, and March 12, 1932, in which last event the petition would have been presented too late. On no possible theory could it be held that payment was made to claimant before March 11, 1932. Although the check was dated March 10 and mailed from Boston on that date, it did not reach the attorney for the claimant until March 11, after which he forwarded it for collection and paid the proceeds to claimant when received on March 14. We pass by the contention of claimant that payment could not be said to have been made until March 14 and assume, for the sake of argument, that payment was made on March 11 by delivery of a check to the attorney and his acceptance of the same. That latter date is the most favorable to appellants that could be sustained. Turning our attention to the date of filing the petition, we find from the undisputed evidence that the petition was delivered to the branch office of the board in Philadelphia on March 11, 1932, and mailed through that office on the same day to the principal office in Harrisburg where it was received in due course of mail on the following day. It is provided by Section 403 of the Compensation Act (77 PS 714) as follows: "All petitions, all copies of agreements for compensation, and all other papers requiring action

by the board, shall be *mailed* or delivered to the bureau at its principal office." (Italics supplied.)

In the case of Horn v. Lehigh Valley R. R. Co., 274 Pa. 42, 45, 117 A. 409, a similar question arose and the Supreme Court there said: "A delivery of a claim petition to the United States mails, on the last day to be filed or the day before, duly stamped, properly addressed, sent by registered mail, followed by a receipt by the compensation board within the time usually required to carry a letter to its destination,—these combined circumstances constitute a delivery of the petition when it was deposited in the mails. The actual receipt at the home office within the time mentioned is not absolutely necessary to complete the delivery; the law must be reasonably construed." Also, see Giordano v. St. Paul F. & M. Ins. Co., 66 Pa. Superior Ct. 575. We also call attention to the fact that this conclusion is in harmony with the wording of Section 403 which provides for the mailing or delivering to the bureau at its principal office of petitions and agreements.

The petition was presented in time when it was mailed in Philadelphia to the principal office in Harrisburg on March 11, 1932, and received at such office within the time usually required to carry a letter from Philadelphia to Harrisburg. As is pointed out by Mr. Justice KEPHART in the Horn case, supra, the compensation act contemplated contact between the board and claimants in every section of the Commonwealth, and that the mail service, an agency of the government, would be employed to carry out the purposes and directions of the act. "It was not intended to cut out meritorious claims by harsh rulings as to the manner of filing."

The conclusion at which we have arrived necessitates a further consideration of the situation thereby created. The referee found for the claimant and

awarded compensation when the defendants appealed, raising questions both of law and of fact. The board not only sustained the legal contention of appellants, but set aside the findings of the referee without making any new findings, saying: "The findings of fact, conclusions of law and award filed by the referee are vacated and set aside." The parties are entitled to have determined the questions raised by the appeal on questions of fact, and it will be necessary for the board to determine the extent of the disability of the claimant.

The judgment is reversed and the record is remitted to the court below with instructions to remit the record to the Workmen's Compensation Board for specific findings of fact as to the extent of the disability suffered by the claimant and, if necessary, for further hearing as prescribed by law to the end that a judgment may be entered not inconsistent with this opinion.