Demmel *v.* Dilworth Company et al., Appellants.

Argued April 11, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

*Francis A. Wolf,* with him *Leo A. Nunnink,* for appellants.

*Clarence A. Patterson,* for appellee.

OPINION BY KELLER, P. J., June 27, 1939:

Section 315 of the Workmen's Compensation Act of 1915, P. L. 736, p. 748, 77 PS sec. 602, provides, "In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article [article three]; or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof ......"

We have ruled that the limitations imposed by this

section do not make it a pure statute of limitations, effective only if specially pleaded, but that it qualifies the granting of a substantive right by conditions as to the time within which action to enforce it may be maintained: *Guy v. Stoecklein Baking Co.*, 133 Pa. Superior Ct. 38, 46, 47, 1 A. 2d 839. The discussion of the subject by Judge PARKER in that case is so clear and convincing that there is no need to add to it, or to refer to the authorities cited by him in support thereof, or to repeat here the conclusions at which he arrived. The opinion establishes that the period fixed in such a limitation may not be extended because of a failure of the employer or the insurance carrier, his agent or representative in this respect, to plead it specially, or as a matter of grace or indulgence to the claimant, in order to avoid a hardship to him; but it also holds that the conduct of the employer and his insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive the claimant, whether intentionally or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident. This, on the principle that a party whose actions brought about or were responsible for the neglect or failure of the injured employee to file his claim petition within the period of one year fixed in the statute, will not be permitted to benefit by his wrongful act, at the expense of an innocent claimant who would be injured thereby.

In this case, the parties did not agree upon the compensation payable the claimant, nor was a claim petition filed within one year after the accident. The question raised by the appeal is whether the failure of the claimant to file a claim petition within the time limited by the Act was due to such acts or conduct of the employer and its insurance carrier as tolled this defense, and estopped them from presenting the statutory provi-

sion as a bar to claimant's demand for compensation.

The facts may be summarized as follows:

On September 29, 1931, claimant suffered an accident while in the employ of the Dilworth Company, which disabled him for twelve days. The employer's insurance carrier at that time was Manufacturer's Casualty Insurance Company. On November 11, 1931, the insurance carrier and the employee signed a compensation agreement, which stated that the disability had terminated on October 11, 1931; that the employee had returned to work, at the same wages, on October 12, 1931, and that the compensation payable to him was for five days at $14.95 per week, or $10.68, for which amount the claimant signed a final receipt. The agreement described the accident and resulting injury as follows: "Lifting bag of rice onto truck, twisted back causing displacement of ribs [sic] as doctor described it." He suffered no recurrence of the trouble after signing the final receipt.

On Saturday morning, October 28, 1933, very shortly before quitting time at noon, while claimant was lifting a heavy bag of sugar, with both arms around it, his right foot slipped, he fell to his knee and wrenched his right hip, causing, in the language of the medical practitioner who attended him that afternoon, a rotation of the pelvis, right posterior, which caused a lumbar sacral strain. This was confirmed by an X-ray picture taken by or for him. Claimant lifted no more sugar that morning, got dressed and went to see his doctor.

Being unable to go to work on the Monday following, October 30th, he wrote a letter addressed to the president of his employer, Mr. Benson, telling him in substance that he had hurt his back while working on Saturday and could not come to work, and that he would not return to work until he was in a condition to do so. He gave the letter to his son, with instructions to deliver it, and the son gave it to the secretary of the company.

Two or three days thereafter a representative of the employer's insurance carrier came to see claimant. The insurance carrier at this time was Lumbermen's Mutual Casualty Company, not the company that had insured the employer in 1931. This insurance man brought with him, and showed the claimant, the letter which he had written the president of the employer; so that the evidence supports a finding by the referee and the board that claimant gave notice to his employer on Monday, October 30, 1933, of his accident of October 28, 1933 and the resulting injury. Claimant explained to the insurance carrier's representative just what had happened on October 28; the agent wrote it down and asked claimant to sign it, which he did. This paper was not produced by the employer or the insurance carrier. Claimant was being treated for his injury and hearing nothing from the insurance company as to compensation, he called up his employer by telephone a month or two afterwards and was told by a Mr. Hoffman, on behalf of the employer, that the case had been closed on account of his signing papers before and it was a matter whether he could get the case reopened. This, it now appears, referred to his having signed the final receipt for compensation for his accident of September 29, 1931; for the employer sent up to him a paper prepared by it or its insurance carrier, with the request that he sign it and swear to it before a notary public and return it. This he did. The paper was as follows:

"December 1, 1933

"To the Workmen's Compensation Board:

"I, Arthur Demmel, a party to Compensation Agreement No. —— under which I received compensation from my employer from September 29, 1931 until terminated by a final receipt on October 12, 1931, petition your Honorable Board to set aside the final receipt under the provisions of Section 434, Act of June 26, 1919, P. L. 652, for the following reasons: It is my opinion that my present condition is due to the injury

for which I received compensation from September 29, 1931 to October 12, 1931.

Arthur Demmel,
213 Marylea St.,
(Seal) Brentwood, Pgh.

"Subscribed and sworn to before me this 1st day of December, 1933, at Brentwood, Pgh., Pa.

Walter J. Mesing,
Notary Public."

It was received by the Workmen's Compensation Board on December 8, 1933, and notice was given the Manufacturer's Casualty Insurance Company, the former insurance carrier, which on December 16, 1933 filed an answer (1) denying that claimant's condition was related to injuries sustained arising out of accident of September 29, 1931; and (2) averring that he was fully recovered at the time he signed the final receipt on November 11, 1931; and further denying liability because the petition was not filed within one year from the date of last payment of compensation.

During all this time claimant was not represented by counsel.

The matter apparently lay dormant with the Workmen's Compensation Board until February 6, 1935, when a hearing was had before Referee L. E. Christley at Pittsburgh, the claimant appearing in person, but not represented by counsel, and the Manufacturer's Casualty Insurance Company being represented by its attorney.

On being examined by the referee, the claimant told the story above outlined. The referee saw at once that the facts thus related furnished no warrant for setting aside the final receipt of November 11, 1931 and awarding compensation to the claimant for a recurrence of disability as a result of the accident of September 29, 1931; but rather indicated that claimant had sustained a new and distinct accidental injury on October 28, 1933 and that the disability from which he was then,

suffering was attributable to the second accident; and that the conduct of the employer and his second insurance carrier was apparently responsible for the attempt to reopen the former agreement of compensation instead of making a new one based on claimant's second injury. He therefore continued the case, until a time when the Lumbermen's Mutual Casualty Company could be summoned, appear and defend, and (February 6, 1935) amended the petition so as to read: "The claimant returned to work Oct. 12, 1931, continued at his work as a truckman until Oct. 28, 1933, when in lifting a sack of sugar to place it on a truck his right foot slipped and while he placed the sack of sugar on the truck, in the movement he fell part way down which was followed by pain in the right hip or sacroiliac region and that he reported the accident to the defendant and has done no work since. He received treatment at the hands of Dr. H. W. Seltzer for both conditions and alleges that he is at this time unable to work by reason of the condition of his right hip."

To this amended petition the Lumbermen's Mutual Casualty Company appeared and filed answer on behalf of both the employer and itself, in which it (1) denied that claimant had suffered an accidental injury on October 28, 1933 and averred that his disability, if any, was causally related to the accident of September 29, 1931; and (2) averred that no report of any accident on October 28, 1933 was made to the employer and no claim therefor filed within one year thereafter, and denied liability for compensation on those grounds.

At the next hearing, before Referee Dobrowolski, on May 14, 1935, the claimant was represented by his present counsel and both of the insurance carriers appeared by counsel.

The claimant was re-examined, and cross-examined by counsel for both insurance carriers, and Dr. H. W.

Seltzer, a certificated drugless therapist[1], who had treated claimant for both injuries was also examined. He testified that when claimant suffered his second injury on October 28, 1933, he had fully recovered from the effects of his injury of September 29, 1931 and that his present disability was the result of the second accident, and in his opinion was total up to February 7, 1935 and since then, partial—to wit, 50% disability.

Neither of the insurance carriers offered any testimony disputing or rebutting the evidence of the claimant or Dr. Seltzer.

The referee made, inter alia, the following findings of fact:

"Seventh: ...... that on October 28, 1933, claimant was lifting a hundred pound bag of sugar from the floor up to the truck and his right foot slipped and as the result thereof claimant wrenched his right hip.

"Eighth: Claimant reported the accident the Monday following October 28, 1933, by sending his boy down with a letter addressed to Mr. Benson, the President of the defendant company.

"Ninth: That on Saturday afternoon, the day of the accident, claimant went to see Dr. Seltzer, a drugless therapist, who found that claimant had a rotation of the pelvis, right posterior, which caused a lumbar sacral strain ......

"Tenth: Taking into consideration all the testimony in the case, your referee comes to the conclusion that the claimant was injured in the course of his employment with the defendant, Dilworth Company, on October 28, 1933. That the claimant's present condition is not due to the old injury of September 28, 1931, but a new injury occurring October 28, 1933. That due to the fact that the defendant had notice of the accident and was itself instrumental in having the claimant file the

---

[1] See Act of June 3, 1911, P. L. 639, sec. 6, as amended by Act of July 25, 1913, P. L. 1220, sec. 5, 63 PS 408, relating to licenses to practice special branches of medicine and surgery.

wrong petition, namely 'petition to set aside final receipt' instead of a claim petition, your referee shall treat the petition filed herein as a claim petition as against the Dilworth Company and the Lumbermen's Mutual Casualty Company, and further finds that the claimant was totally disabled from October 28, 1933, to February 7, 1935, and is suffering a 50 percent disability from that date to the present time and to continue within the limitations of the Workmen's Compensation Act." The referee awarded compensation against Dilworth Company and Lumbermen's Mutual Casualty Company for total disability from November 5, 1933 to February 6, 1935, sixty-five weeks and four days at $9.75 per week; and for partial disability at $4.87 per week from February 7, 1935."

Defendants appealed from the award on the ground that the findings of fact above stated were not supported by the evidence.

The board, in an opinion by Chairman Ullman, affirmed the findings of fact, conclusions of law and award of the referee and dismissed the appeal. Mr. Ullman distinguished this case from the decision in *Lombardi v. Greensburg-Connellsville Coal & Coke Co.,* (Board 1936, A-16509) "by the fact that in the instant case the petition was prepared by the employer or its representative. Where it is the conduct of the employer or his representative which has misled the employe to his injury, a clear case of estoppel is made out against that employer. Where the employer has assumed to prepare for the employe that document which the latter trustingly assumes is the proper one to bring relief it comes with poor grace from the employer or one standing in its place to argue that the employe has failed to execute the proper form. Under the evidence present in this case, it seems rather plain that the petition to set aside the final receipt directed against the Manufacturer's Casualty Insurance Company was prepared on the advice of or at least after the investigation of the

representative of the Lumbermen's Mutual Casualty Company. If this be true, no comment is necessary as to the force of the estoppel to be invoked against the Lumbermen's Mutual Casualty Company."

On appeal to the common pleas, the exceptions were dismissed and judgment entered for the claimant against the employer and Lumbermen's Mutual Casualty Company, insurance carrier and intervening defendant, on the award.

The defendants have appealed to this court.

In our opinion the evidence justifies the findings of fact of the referee, approved by the board, and they are sufficient to sustain the award.

The evidence is clear that the claimant suffered an accident on October 28, 1933, and that he was still partially disabled, because of this accident, when the award was made. It is also clear that on October 28, 1933 he had entirely recovered from the effects of the prior accident which occurred two years before. That he was disabled by the second injury near the same part of the body that was affected by the first one, was of no consequence.

The evidence is also clear that claimant notified his employer of this second injury on the Monday following the accident (Saturday) in writing, substantially as required by section 312 of the Workmen's Compensation Act of 1915, P. L. 736, p. 746-7. The insurance carrier's agent had the letter with him when he called on claimant, so both employer and insurance carrier knew of the injury and of appellee's claim for compensation thereunder.

The agent of the insurance carrier, which was representing the employer, also knew that claimant had no valid claim under the prior injury, not only because the claimant had informed him of a new injury which caused his disability, but also because over a year had elapsed since the last payment of compensation for the prior injury, and consequently the compensation agree-

ment could not be reviewed and revived under section 413, as amended by Act of April 13, 1927, P. L. 186, and no ground existed for setting aside the final receipt for fraud, mistake or misconduct, under section 434.

In the circumstances of this case, it may be fairly inferred that in order to shift liability from itself to the former insurance carrier, Lumbermen's Mutual Casualty Company prepared or had the employer prepare a petition to set aside the final receipt given under the first accident and sent it to the claimant to be signed and sworn to, instead of the claim petition which it should have prepared for the claimant, who had no counsel. If it denied liability, it should have so notified claimant, leaving him to consult counsel or take the necessary steps on his own initiative. Having filed this misleading petition, it took no steps to have the question of liability determined until over a year had elapsed since the occurrence of the injury. It should not be permitted to benefit by its improper conduct, to the injury of the innocent claimant.

The award is directly supported by our decision in *Guy v. Stoecklein Baking Co.,* supra; and is in consonance with the principles laid down by the Supreme Court and this court in the following cases: *Horn v. Lehigh Valley R. R. Co.,* 274 Pa. 42, 117 A. 409, where a claim petition sent by registered mail on the next to the last day of the year following the occurrence of the injury, was held to be in time, although not received by the board until the day after the expiration of the year. *Wise v. Cambridge Springs Boro.,* 262 Pa. 139, 104 A. 863, where it was recognized (p. 144) that "where a party has been prevented from appealing [within the statutory period] by fraud, or by the wrongful or negligent act of a court official ...... the court has power to extend the time for taking an appeal." In *Horton v. West Penn Power Co.,* 119 Pa. Superior Ct. 465, 180 A. 56, where the failure to file the claim petition in time was due to the negligence of a repre-

sentative of the board, delegated to assist in the preparation and filing of such papers, it was held that the claimant should not be penalized by the conduct of the board's representative. In *Straub v. Budd Mfg. Co.,* 115 Pa. Superior Ct. 395, 175 A. 704, where the petition for reinstatement of the compensation award was mailed to a branch office of the Workmen's Compensation Bureau and received there within the statutory period of one year after the last payment of compensation, although not delivered to the *principal* office of the Bureau (Sec. 403) within that period, it was held to be in time. See also *Ashland-Towson Co. v. Kasunic,* 110 Pa. Superior Ct. 496, 168 A. 502, as to the effect of deliberately deceptive conduct.

While the attending medical practitioner, who treated the claimant and testified on his behalf, was not a fully qualified practicing physician or surgeon, he was duly licensed to practice a branch of medicine and surgery, which frequently deals with injuries of the character here involved. Defendants produced no testimony that his evidence did not correctly describe claimant's injury or the disability resulting from it. Not having done so they cannot set it aside by the suggestion that he was not a fully licensed physician or surgeon. There have been some very expert practitioners in the branch of surgery here involved, with well accredited reputations in Western Pennsylvania.

Judgment affirmed.