## Reichert *v.* Pennsylvania Railroad Company (et al., Appellant).

214

Argued September 28, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *James H. Duff,* Attorney General, for appellant.

*Adelbert S. Schroeder,* with him *Wm. H. Kain* and *George H. Kain,* for appellees.

OPINION BY KELLER, P. J., December 13, 1944:

This appeal is by the Commonwealth from a judgment entered against it upon an award under the Pennsylvania Occupational Disease Act of 1939, P. L. 566. The case reveals some unusual circumstances and presents some close and interesting legal questions.

The occupational disease involved is lead poisoning—section 108(a).

The Act of 1939, as well as its predecessor of July

2, 1937, P. L. 2714, makes a clear distinction between disability resulting from occupational diseases which developed to the point of disablement only after an exposure of five or more years, and those which develop to such disablement in a shorter period.[1] As to the latter, the employer alone is liable to pay compensation. As to the former, the Commonwealth, through its General Assembly, agreed to pay a certain proportion of the compensation *"when compensation is awarded* because of disability or death caused by silicosis, anthraco-silicosis, asbestosis, *or any other occupational disease* [enumerated in section 108] *which developed to the point of disablement only after an exposure of five or more years,"* (section 308 (a) ). Because of the language so used the State Workmen's Insurance Board, representing the Commonwealth in this respect, does not enter into compensation *agreements* growing out of occupational diseases, but insists upon a claim petition being filed and an *award* of compensation being made, after a hearing at which it is shown that the disease developed to the point of disablement only after an exposure of five or more years. This must be borne in mind.

In the present case, Pennsylvania Railroad Company, by itself, on April 19, 1941, entered into a compensation agreement with Paul B. Reichert, a painter in its employ, which set forth that the latter's disability, diagnosed as lead poisoning, began on September 24, 1940.

His disability seems to have ended on April 1, 1941, for the ninth paragraph of the agreement provided *"Said employer shall pay to said employe* compensa-
                              * See Question 11
tion at the rate of $18.00 ∧ per week beginning 10-1-40,

---

[1] We are not here considering silicosis, anthraco-silicosis and asbestosis, which in some respects constitute a class by themselves.

*payable in a lump sum."* And a final receipt attached to the record shows that claimant was paid $234, as of date of May 9, 1941, covering a disability period of 26 weeks.

Question 11, or paragraph 11,—reference to which was inserted with a caret and *, as above—was as follows:

"11. *Further matters agreed upon.* Case one of Occupational Disease classification. Compensation is payable under this agreement by the employer, the Pennsylvania Railroad Company, at the rate of 50% of the above weekly rate, or $9.00, in accordance with the provisions of section 308 and subject to the limitations of section 301 of the Penna. Occupational Disease Act, effective October 1, 1939."

The agreement was numbered 3,833,072 by the Bureau of Workmen's Compensation and approved by it on April 30, 1941.

It should be noted that there was no statement in the agreement as to the length of time that the employee had been exposed to lead poisoning beyond the averment, "On September 4, 1940, while engaged in painting claimant experienced a dizzy spell; condition diagnosed as lead poisoning." There was no averment or allegation in it that the employee had been exposed to lead poisoning for a period of five or more years. In the absence of such an exposure, no liability rested on anybody but the employer.

The Workmen's Compensation Bureau, the Workmen's Compensation Board, and the State Workmen's Insurance Board are all agencies of the Department of Labor and Industry of the Commonwealth and we are of the opinion that if the compensation agreement had contained in it any specific or definite claim, statement or averment that the Commonwealth was alleged to be liable for any part of the employee's compensation, it would have been the duty of the Workmen's

Compensation Bureau, before approving the agreement, to bring the matter to the attention of the Workmen's Compensation Board and the State Workmen's Insurance Board, so that a claim petition might be filed and a hearing had to determine the liability, if any, of the Commonwealth to pay part of the compensation. See *Byrne v. Hitner's Sons Co.,* 290 Pa. 225, 235, 236, 138 A. 826; *Healey v. Carey, Baxter and Kennedy,* 144 Pa. Superior Ct. 500, 502, 19 A. 2d 852.

We do not think the casual reference to section 308 in the 11th paragraph of the agreement was sufficient to put the Bureau on notice of any such claim against the Commonwealth.

The claimant's disability recurred after April 19, 1941, and on July 15, 1941, the employer, Pennsylvania Railroad Company, entered into a supplemental agreement with its employee, Reichert, which set forth such recurrence and the inability of the employee to work from May 16, 1941 to May 27, 1941 inclusive, and his present disability, which began June 15, 1941, and still continued. It provided, in effect, that compensation should be paid the employee at the rate of $18 per week, as an open agreement of compensation, until legally terminated. To it was appended a note, which was identical with the answer to Question 11, or statement in paragraph 11, in the original agreement as above; but it likewise contained no statement or averment as to how long Reichert had been exposed to the lead poisoning hazard in its employ or that the lead poisoning had developed to the point of disablement only after an exposure of five or more years, as was necessary in order to charge the Commonwealth with any liability to pay compensation.

This supplemental agreement was approved by the Bureau of Workmen's Compensation on July 25, 1941 and was filed under No. 3,833,072.

On December 12, 1941—14 months and 18 days

after his disability from lead poisoning had developed—Reichert filed with the Bureau a claim petition, No. 90,714, against his employer and the Commonwealth of Pennsylvania Occupational Disease Fund, created by said Act of 1939, supra, which referred to said agreement No. 3,833,072 and averred that he was disabled as the result of his employment by the defendant, Pennsylvania Railroad Company, in a hazardous occupation; that the cause of his disability was lead poisoning, compensable under paragraph (a) of section 2 of the Pennsylvania Occupational Disease Act;[2] that the date of his last exposure while in defendant's employ was September 4, 1940; that he became disabled from earning full wages on September 24, 1940, and since that date had been employed only as set forth in said supplemental agreement; that he served notice of his disability on September 4, 1940 by informing his superior, Nevin Connelly, foreman painter.

He asked the Board to make an award for such compensation as might be due him under the Occupational Disease Compensation Act.

The claim petition, just as the agreement and supplemental agreement, made no averment or allegation as to how long the claimant had been exposed to the lead poisoning hazard in defendant's employ or that the lead poisoning had developed to the point of disablement only after an exposure of five or more years. As filed, its averments set forth nothing that charged any liability or responsibility for compensation against the Commonwealth or its agency.

The railroad company, in its answer, referred to the beforementioned compensation agreement and supplemental agreement, and suggested that said claim petition came "under the jurisdiction of the Commonwealth

---

[2] Claimant used a form prepared for, and appropriate to, the earlier Act of 1937, P. L. 2714. Under the Act of 1939 the reference should have been to paragraph (a) of section 108.

of Pennsylvania Occupational Disease Fund;" but said answer contained no facts that would impose liability to pay compensation on the part of the Commonwealth or its agency under section 308 of the Act of 1939, or that would warrant an award of compensation against the Commonwealth.

The State Workmen's Insurance Board, as custodian of the Occupational Disease Fund, filed an answer denying that claimant was exposed to hazardous occupation or was suffering disability from an occupational disease as contemplated by said Act of 1939 and denied liability to pay compensation to the claimant.

On January 21, 1942, the claimant filed a further petition asking the Workmen's Compensation Board to review the provisions of said compensation agreement No. 3,833,072, for the reason that, "The said agreement was founded upon a mistake of law and of fact. In that the said Pennsylvania Railroad Company should be decreed to pay the entire compensation instead of one-half, and further avers that this petition is filed within one year after the date of the most recent payment of compensation made prior to the date of filing this petition." See paragraph 1 of section 413.

At the hearing before the referee on the claim petition it was developed that Reichert had been employed by Pennsylvania Railroad Company as a painter—first as a brush hand and then as a spray man—for over 13 years prior to his disability, and that he had been exposed to lead poisoning in his occupation for a period of more than five years. So that he would have been entitled to present a claim against both his employer and the Commonwealth, and recover from them jointly —in the proportion of 50% from each—if he had presented his petition within one year after his disability from such disease had begun, as fixed in section 315 of the Act of 1939, supra. This section provides, in part, that all claims for compensation for disability

"shall be forever barred, unless, within one year after the disability begins, the *parties* shall have agreed upon the compensation payable under this article, or unless, within one year after the disability begins, one of the parties shall have filed a petition as provided in article four hereof."

We have ruled that such a provision in workmen's compensation statutes is not a mere technical statute of limitation, but is a statute of repose intended to bar the claim, or right to compensation, unless its provisions are complied with, and that it need not be specially pleaded to be enforced. "We are of opinion that it was its [the legislature's] intent to make the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and that failure so to do should operate as an absolute bar of the right. The court below was entirely correct in holding that such a statute need not be specially pleaded:" *Ratto v. Pennsylvania Coal Co.,* 102 Pa. Superior Ct. 242, 247, 156 A. 749. See also, *Cosenza v. General Baking Co.,* 147 Pa. Superior Ct. 591, 595-6, 24 A. 2d 735.

We passed upon this provision, as respects claims against the Commonwealth arising under section 308, in *Jones v. Philadelphia and Reading C. & I. Co.,* 154 Pa. Superior Ct. 465, 36 A. 2d 252, and, in an opinion by our Brother HIRT, held that the provisions of section 315 barring claims for disability or death because of occupational disease in the Act of 1939, supra, would be enforced, as respects an award against the Commonwealth, and we affirmed the court below which set aside an award against the Commonwealth for compensation on a death claim where the employee died on January 16, 1940 and the Commonwealth had no notice of the claim until March, 1941, about fourteen months after his death; and this notwithstanding that the referee in passing on the claim of the widow against

the employer for compensation for *accidental death,* due to powder wounds and hemorrhages caused by an accident, found on June 19, 1940 that "decedent was afflicted with an *anthraco-silicotic* condition of long standing"—for which, under the Act of 1939 the Commonwealth might be liable to pay compensation—but refused an award under the claim for compensation for death by *accident.* On appeal, the board, being impressed by the opinions of examining physicians, who found evidence of advanced anthraco-silicosis in December, 1939, suggested that a claim be filed for death from that occupational disease and remanded the record on January 16, 1941 to the referee "for amendment of the petition if deemed necessary and for further hearing in keeping with the purport of this opinion." The widow filed her claim for death from occupational disease two months later, and an award was made by the referee in favor of the claimant against the employer and the Commonwealth. The employer did not appeal, but the Commonwealth did and the court below sustained its appeal and reversed the award against it. The opinion of Judge HIRT discusses the matter fully and much that he says there is pertinent here. That case is authority for our holding in this case that the claim against the Commonwealth was made too late to justify an award against it, and that the judgment on the award against it must be reversed and set aside because the Commonwealth had not agreed to pay compensation to the claimant, nor had the claimant filed any claim petition against the Commonwealth, within a year after his disability began; and we further hold that the agreement and the supplemental agreement between the employer and the employee providing for the payment of compensation for occupational disease, and fixing the amount to be paid by the employer at $18 per week, of which it assumed to pay only one-half, or $9 per week, did not affect

the Commonwealth which was not a party to it, and had no notice, express or constructive, of a claim against it, or make it liable to pay any part of such compensation.

The further question arises as to the effect, if any, of this course of action by the employer upon the rights of the employee.

At the oral argument, not being aware of all the circumstances, and our attention not being specially drawn to the claimant's petition filed January 21, 1942, to review the agreement, No. 3,833,072, and the supplemental agreement, we were of opinion that the only question involved was the liability of the Commonwealth; but further consideration has led us to a different conclusion.

The agreement, No. 3,833,072, was prepared by the employer, acting through its district claim agent at Harrisburg. So was the supplemental agreement. The failure to set forth in the agreements any facts that justified a claim for compensation against the Commonwealth, was its fault, not the employee's.

The agreement stated in paragraph 9, "Said *employer shall pay to said employe* compensation at the rate of $18.00 per week beginning 10-1-40." And it contained in it nothing that warranted any liability for payment of compensation by anyone else, including the Commonwealth. As we said before, the later casual reference or note that the employer would pay 50% of this amount in accordance with the provisions of section 308, in the absence of any facts showing that section 308 was applicable to the claim, did not amount to the presenting of a petition under section 315 nor relieve the employer of the payment it had agreed upon and for which on the facts appearing in the agreement, it alone was liable.

Having, by its actions, misled the claimant to his injury, so that he presented no petition for compensa-

tion from the Commonwealth under section 308, until his right was barred by the provisions of section 315, we are of opinion that the compensation agreement and supplemental agreement prepared by the employer must be strictly construed and enforced against it and payment of $18 per week be required of it rather than deprive claimant of $9 a week of the compensation to which he was entitled and will otherwise not receive.

The case of *Creighton v. Continental Co. et al.*, 155 Pa. Superior Ct. 165, 38 A. 2d 337, does not apply here for the reason that in that case a claim petition was filed by the employee against both his employer and the Commonwealth for compensation for disability resulting from silicosis—for which the Commonwealth is expressly made liable to pay part of the compensation awarded—within four months after his disablement. The liability of the Commonwealth was not disputed on appeal. The only question was whether payments made by the employer to the employee in excess of the former's liability under the statute should be credited on the amount payable by the Commonwealth. We held that it should not; that each party legally found to be liable must pay its own proportion of the award so made. In the present case no claim was presented against the Commonwealth until any right of recovery against it was barred by section 315; and this failure to present a claim was due to the action of the employer, whose representative prepared the compensation agreement which on its face showed that the employer was liable, and that no one else was under any liability to pay compensation. The employer should suffer the consequences of its actions rather than the employee, who apparently had no counsel at the time and relied upon the employer to see that the compensation admittedly coming to him was paid or secured to him. See *Demmel v. Dilworth Co. et al.*, 136 Pa. Superior Ct. 37, 39, 45, 7 A. 2d 50; *Guy v. Stoecklein*

*Baking Co.,* 133 Pa. Superior Ct. 38, 46, 47, 1 A. 2d 839.

The judgment against the Commonwealth is reversed. The record is ordered remitted to the court below with instructions to return it to the board in order that the petition for review filed by the claimant may be granted, and an award of $18 per week be entered against the defendant, Pennsylvania Railroad Co., as prayed for, instead of the award of $9 per week already made.