## Sarver v. Pennsylvania Turnpike Commission

*Simon K. Uhl*, for claimant.

*Robert W. Critchfield*, for defendants.

LANSBERRY, P. J., January 3, 1957.—In this workmen's compensation case, the referee made an award of compensation to Henry E. Sarver, claimant, which award was affirmed by the workmen's compensation board. In a collateral proceeding to terminate a previous agreement for compensation, the referee dismissed the petition, which determination was also affirmed by the board. An appeal to this court was per-

fected in both proceedings by the Pennsylvania Turnpike Commission, defendant, and its insurance carrier, Old Republic Insurance Company. The controlling issue is the applicability of section 413 of The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520.

On January 21, 1950, claimant, while employed as a truck driver and at the time as traffic flagman on the Pennsylvania Turnpike, was struck by a passing motorist resulting in fractures of both legs. Compensation payments for total disability were made under an agreement executed February 6, 1951, effective as of January 28, preceding which payments continued until October 22, 1951. On November 15, 1951, a supplemental agreement between claimant and employer was executed, which agreement specifically set forth, inter alia: "It is admitted that the claimant continues to suffer a functional disability and it is agreed that the present disability does not reflect in a loss of earning power. Payments are suspended as of 10-22-51." The pertinent printed portion of the agreement (originally containing three blank spaces and filled in by typewriting as we shall indicate by italics) is as follows: "It is further agreed that on and after *10-22-51* compensation shall be payable to the said employee at the rate of *$none* per week for *indeterminate* weeks; or, if the future period of disability is uncertain, then to continue at said rate until terminated by a further supplemental agreement, Order of the Workmen's Compensation Board or Referee, or by final receipt." The supplemental agreement further recognized and set forth that claimant's disability status had changed on July 5, 1951, after which date claimant was able to work during three different periods, which periods were interrupted by periods when he was unable to work and that as of October 22, 1951,

he was able to return to work without any loss of earning power.

From October 22, 1951, and continuing until the end of March, 1955, claimant was able to work in defendant's blacksmith shop. However, ulcers having developed on both legs where they were fractured as a result of the accident, hospitalization was required.

On June 2, 1955, claimant filed his petition for reinstatement of compensation for total disability which had been suspended on October 22, 1951. The petition was resisted by defendant on the two bases: (a) That the claim was barred by section 413 of The Workmen's Compensation Act; and that (b) claimant did not suffer a disability as a result of the accident January 21, 1950.

We may here observe that on June 15, 1955, this defendant petitioned the workmen's compensation board for an order terminating the supplemental agreement executed November 15, 1951, in which petition defendant alleged that claimant was paid compensation for a total period of 280 5/7 weeks from January 28, 1950, to June 15, 1955, in the amount of $1,875 (as a matter of fact the record discloses that during that period, claimant had actually worked 15 2/7 weeks, was actually paid compensation for a period of 75 weeks and that compensation was suspended a period of 190 3/7 weeks) ; the petition for termination further stated that the last payment of compensation was made November 15, 1951, which is the fact in the matter. On the basis of these allegations, defendant sought a termination order as of November 15, 1952, one year following the most recent payment of compensation. This petition, along with claimant's petition for reinstatement of agreement for compensation, were heard by the same referee simultaneously and by him declined, which order was affirmed by the board when it also affirmed the order of reinstatement of

claimant's compensation. Defendant's perfected appeal from that order is likewise before this court. Disposition of defendant's appeal as to its petition for termination is manifestly governed by the disposition of the identical question in claimant's case and since the board so dealt with it, we may do likewise.

With the second basis for this appeal by defendant, viz., that claimant is not totally disabled, we have no difficulty and may dispose of it forthwith. The referee found, inter alia, as a fact "that as a result of the ulcers the claimant is still totally disabled." The testimony upon which this finding was made by the referee was not only not contradicted, but was conclusively abundant to sustain the finding, and to which we may add we don't see how the board could have done otherwise than to affirm this finding under the uncontradicted testimony on this phase of the case.

The more difficult question before us is whether section 413 of the act, 77 PS §772, bars this petition for reinstatement of the agreement for compensation. In substance, the act here pertinent provides that the compensation authorities may, at any time, modify, reinstate, suspend or terminate an agreement or an award, upon petition filed by either party and upon proof that the disability of an injured employe has increased, decreased, recurred or has temporarily or finally ceased, provided that no agreement or award shall be reviewed or modified or reinstated unless a petition is filed with the board within one year after the date of the most recent payment of compensation made prior to the filing of the petition. Here it will be recalled that the most recent payment of compensation was made November 15, 1951, and that claimant's petition for reinstatement was filed June 6, 1955, manifestly more than one year after the most recent payment of compensation. On the basis of these facts

defendant relies principally upon Jericho v. Liggett Spring & Axle Co., 176 Pa. Superior Ct. 128, and also Harrington v. Mayflower Manufacturing Company, 173 Superior Ct. 130 (1953).

In the Harrington Case, supra, Judge Reno said in answer to that appellant's contention that section 413 of The Workmen's Compensation Act must be affirmatively pleaded: "Our cases negate that proposition. Proceedings under the workmen's compensation legislation are not litigation and the rules of pleading established in the practice of common law actions are not applicable to them. Thatcher v. Weinstein, 154 Pa. Superior Ct. 368, 35 A 2d 549. Moreover, the provision in §413, supra (like those contained in §315, 77 PS §602, and §426, 77 PS §871) is not a technical statute of limitation which, in conformity with common law practice, must be affirmatively pleaded as a defense. It is strictly a statute of repose which completely extinguishes the right and not merely the remedy, and may be invoked even though it has not been pleaded. Ratto v. Penna. Coal Co., 102 Pa. Superior Ct. 242, 156 A. 749; Demmel v. Dilworth Co., 136 Pa. Superior Ct. 37, 7 A. 2d 50; Cosenza v. General Baking Co., 147 Pa. Superior Ct. 591, 24 A 2d 735; Reichert v. Penna. R. R. Co., 156 Pa. Superior Ct. 213, 40 A. 2d 158; Calabria v. State Workmen's Insurance Fund, 333 Pa. 40, 3 A. 2d 322."

In the Jericho Case, supra, where claimant's petition averred the recurrence of a total disability and sought a reinstatement of a previously suspended award, the Superior Court held that the petition being presented 31 months after the most recent payment was too late and a bar to claimant's petition. The court not only reiterated the principle that the limitation contained in section 413 is a statute of repose which completely extinguishes the right and not merely

the remedy, but further held that the words "at any time" in the statute must yield to the one year limitation where those clauses, as interpreted by the courts, are irreconcilable.

From the record in the case here under consideration it may be asserted that there are some facts different than the Jericho Case. Here no final receipt was given. Here the allowable statutory period for payment of compensation had not expired prior to presentation of the petition. Here the supplemental agreement recognized the continuation of claimant's functional disability. These differences however are not essential differences which differentiate this case from the Jericho Case to the extent that we can say the Jericho Case is not here controlling. In the Jericho Case as here there was a suspension of payment of compensation until such time as claimant's disability was reflected in a loss of earnings, an important similarity in the cases.

After setting forth the facts of the periods and payments of compensation in the Jericho Case, the various pertinent dates and the facts as to the disability of claimant, Judge Ervin then discusses the history of section 413 of the act with special reference to Furman v. Standard P. Steel Co., 111 Pa. Superior Ct. 44, and proceeds as follows: "Probably as a result of the foregoing decision, the Legislature in 1939 repealed the language *'last payment of compensation with or without an agreement'* and substituted therefor the language *'most recent payment of compensation made prior to the filing of such petition'*. We must assume that the Legislature had some purpose in making this change. It left in the language found in the first part of the paragraph, *'at any time'*. (All emphasis added.) This Court early held that the words 'at any time' mean at any time during the contemplated period the

agreement has to run, i.e., five hundred weeks for total disability and three hundred weeks for partial. Melody v. Bornot, Inc. (1934), 112 Pa. Superior Ct. 174, 170 A. 408; Kressler v. North Side Packing Co. (1936), 122 Pa. Superior Ct. 565, 186 A. 404. If the legislature had intended the period to be open for the entire 300 or 500 week period, it did not need to make any change because this already was the law. When the legislature in 1927 imposed the first one year limitation after the date of the *last payment* of compensation, it certainly intended to relate the limitation to the payment of compensation instead of the time the agreement had to run. In 1939, when the legislature related the filing of the petition to the *date of the most recent payment of compensation made prior to the filing of such petition* instead of *the date of last payment of compensation with or without an agreement*, it must have intended to further limit the time for the filing of a petition for review and we believe the language employed was intended to mean just what it says."

Claimant now contends, as appears to have been the reasoning of the workmen's compensation board in the instant case, that this agreement between Sarver and the turnpike commission was an agreement of suspension of compensation and therefore not within the limitation imposed by section 413 and the further proposition that the 300 week period had not expired prior to the filing of claimant's present petition. These propositions were both ruled adversely to this claimant in the Jericho Case where the payment of the award was by agreement suspended as here. Moreover, if the act is one of repose, as the Superior Court has unequivocally stated it to be, extinguishing the very right to review beyond one year subsequent to the most recent payment of compensation, the words

"at any time" in the act are of no avail to this claimant notwithstanding the possible statutory period of compensation has not expired. In this connection it must be noted that this is not a case under the Occupational Disease Law; compare Ciabattoni v. Birdsboro Steel Foundry and Machine Co., 386 Pa. 179.

Although the legislature in 1956, amended this section of the act, effective March 30, 1956, this amendment is not applicable to this case. Here the period for partial disability payments terminated on October 30, 1955. The effective date of the amendment of 1956 is subsequent to the termination of the 300 week period which was the period fixed by the law as it existed when this accident occurred and which law governs here, particularly so since the legislature did not make the 1956 amendment applicable to any pending cases.

In concluding to sustain this appeal, to which conclusion we are reluctantly constrained because of the meritorious claim, we are not unmindful of the wholesome desires and purposes to be attained by a liberal construction of The Workmen's Compensation Act, especially in this case where claimant's efforts to work and remain free from compensation payments may have in the end worked to his disadvantage, but we are also mindful of the old adages that "hard cases make shipwreck of principles."

Constrained to the conclusion that the workmen's compensation board erred, as a matter of law, in affirming the decision of the referee reinstating the compensation to claimant in this case, we now enter the following

### Order

Now, January 3, 1957, the appeals of defendants above named are sustained, and judgment is directed to be entered for defendants.