Ratto et al., Appellants, *v.* Pennsylvania Coal Co.

Argued March 11, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Frank L. Pinola,* and with him *John E. McGettigan* and *John M. DiSilvestro,* for appellant.—The bar of the statute of limitations may not be set up in defense to a petition for compensation at the hearing when it was not specifically pleaded in defendant's answer: First Pool Gas Co. v. Wheeler Run Coal Co., 301 Pa. 485; Heath v. Page, 48 Pa. 130.

*Walter W. Harris* of *Knapp, O'Malley, Hill & Harris,* and with him *Elmer D. Adair* and *H. J. Connolly,* for. appellee.—Where the particular statute is not merely a statute of limitations, but creates an absolute bar of the right of action by the lapse of a certain period, it need not be specially pleaded in order to be availed of: Way v. Hooton, 156 Pa. 8; Appeal of Stephen Wingett, 122 Pa. 486; Woodland Oil Company v. Byers, 223 Pa. 241.

Opinion by Cunningham, J., April 15, 1931:
On October 19, 1917, Aniello Di Fluri, an employe

of Pennsylvania Coal Company, suffered, in the course of his employment, accidental injuries which resulted in his death on September 1, 1919. Compensation for total disability was paid during the period between the time of the accident and the death of the employe. More than sixteen months after his death, viz., on January 20, 1921, a claim petition for compensation by reason thereof was filed on behalf of his widow and two children, non-resident, alien dependents. The referee and board disallowed compensation upon the ground that the claim of his widow and children was barred by the provisions of Section 315 of Article III of our Workmen's Compensation Act of June 2, 1915, P. L. 736, 748; the court below, upon appeal to it, dismissed appellants' exceptions and entered judgment in favor of the employer, and we now have this appeal in behalf of the dependents from that judgment.

The provision of the act now in question reads: ''In cases of death all claims for compensation shall be forever barred, unless, within one year after the death, the parties shall have agreed upon the compensation under this article; or unless, within one year after the death, one of the parties shall have filed a petition as provided in article four hereof.'' To the claim petition the employer filed its answer on January 27th, questioning the regularity of the petition and demanding proof of the existence of the alleged dependents, but did not therein plead the provisions of the statute barring claims after the expiration of the time limited. No further action seems to have been taken in behalf of the claimants until April, 1928, when letters rogatory, with interrogatories annexed, were issued. The employer propounded cross interrogatories ''without prejudice to its rights to raise any and all legal and proper objections to these proceedings, as well as to the claim herein presented and the sufficiency of the evidence covered by the interrogatories in this case.''

A hearing was had before the referee on May 8, 1929, at which counsel for the employer, before any testimony was received, objected "to any and all proceedings under the petition upon which these proceedings are based" for the reason, among others, that it "was filed after the time required for the filing of such petition by the Workmen's Compensation Act and is therefore barred."

In behalf of appellants it is now contended that the employer was not entitled to interpose the bar of the statute at the hearing because (a) the statute was not pleaded in its answer and (b) its conduct in propounding cross interrogatories and remaining silent until the date of the hearing amounted to an estoppel. Our primary inquiry is whether the legislative intent disclosed in the act is that it shall operate merely as a technical statute of limitation, based upon presumption and affecting only the remedy and not the right, as, for instance, in an action of assumpsit, where the statute applies only to the remedy and the claim remains and may be revived by a new promise. If such was the intent, the statute must be specially pleaded: Barclay v. Barclay, 206 Pa. 307; Carter v. Vandegrift, 74 Pa. Superior Ct. 26. Whether this provision of our Workmen's Compensation Law must be specially pleaded has not been decided by an appellate court. In two cases, Vitkovic v. Pennsylvania Clay Co., 278 Pa. 474, 477, and Siplyak v. Davis, 276 Pa. 49, 58, the question was raised, but our Supreme Court expressly declined to pass upon it because its decision was not essential to the disposition of either case.

The contention on behalf of the employer is that it is strictly a statute of repose, which extinguishes the right and not merely the remedy, and may be invoked without having been specially pleaded. The statute of April 26, 1855, P. L. 309, requiring that an action for negligence, where the injuries result in

death, "shall be brought within one year after the death, and not thereafter," and the statute of April 22, 1856, P. L. 532, providing, inter alia, that no action shall be "maintained for a specific performance of any contract for the sale of any real estate......but within five years after such contract was made," etc., are illustrations of statutes which bar not merely the remedy but the right as well and need not be specially pleaded: Martin v. Pittsburgh Rys. Co., 227 Pa. 18, 21; First Pool Gas Coal Co. v. Wheeler Run Coal Co., 301 Pa. 485. In the Martin case it was held that the rule requiring the pleading of the statute of limitations as a defense had no application in an action of trespass brought by a widow to recover for the death of her husband because she had no such right of action at common law and the Act of 1855, upon which her claim was based, required that the action "shall be brought within one year," etc. It was also said that under the general plea of "not guilty" the defendant "either by the record or by evidence introduced at the trial may show that the action was not brought within the time definitely fixed by the act, which has expressly provided that suit should not be brought after the time limited, and when this fact is established, the right to recover is defeated." See also Hartig v. American Ice Co., 290 Pa. 21.

The reason for the rule requiring technical statutes of limitation to be pleaded, and for the exception thereto, is thus stated in 17 R. C. L., Sec. 367, p. 988: "The reason for this rule lies in the fact that statutes of limitation presuppose an established substantive right, but forbid the plaintiff from enforcing it by the customary remedies. Therefore, the statute is a weapon of defense, and ordinarily must be pleaded and relied on by the defendant. Yet the necessity of pleading the statute of limitations applies only to cases where the remedy alone is taken away, and in

which the defense is by way of confession and avoidance and does not apply where the right and title to the thing is extinguished and gone, and the defense is by denial of that right.''

The right which appellants now seek to assert is purely statutory. ''The purpose of the act was to displace the common law liability for wrong and to substitute a system of redress for industrial accidents for which the common law furnished inadequate relief or none at all'': Olinsky v. Lehigh Valley Coal Co., 93 Pa. Superior Ct. 221, 222. Even if we should consider proceedings under the Workmen's Compensation Act as subject to strict rules of pleading, it seems clear that they would be analogous to actions of trespass in which the limitation prescribed in the legislation granting the right need not be specially pleaded; but it has been repeatedly held that these proceedings are not litigation to which established rules and principles of common law practice are applicable: Manley v. Lycoming Motors Corp., 83 Pa. Superior Ct. 173, 174; Gairt v. Curry Coal Mining Co., 272 Pa. 494, 498. The same act which gave appellants the right they now seek to enforce expressly provided, in effect, that this right should be forever barred unless asserted within one year after the death of the employe. The legislature did not prescribe how or when the question of the bar of the statute must be raised. We are of opinion that it was its intent to make the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and that failure so to do should operate as an absolute bar of the right. The court below was entirely correct in holding that such a statute need not be specially pleaded. The additional contention that the employer estopped itself from setting up the bar of the statute by propounding cross interrogatories and by its delay in raising the question must also be overruled. The cross interrogatories were

submitted subject to the reservation we have quoted and there is nothing in the record justifying a suggestion that the employer was in any way responsible for the long delay in bringing the proceedings to an issue. Our conclusion is that the bar of the statute was raised in sufficient time and in a proper manner and that the assignments must be severally overruled.

Judgment affirmed.