Dolan *v.* Com. of Pa., Appellant.

Argued March 8, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Penrose Hertzler,* and with him *William A. Schnader,* Attorney General, for appellant.

*Harry T. Dolan,* and with him *Philip T. Lonnergan,* for appellee.

OPINION BY STADTFELD, J., July 14, 1932:

This is a workmen's compensation case wherein the defendant appeals from the order of the common pleas court, ordering and directing a rehearing, and remanding the case for further proceedings, in an appeal by claimant from a decision of the Workmen's Compensation Board, dismissing claimant's petition for a rehearing.

While there are a number of assignments of error, the sole question in this case is whether the Workmen's Compensation Board has jurisdiction to grant a rehearing on a petition presented more than a year after the date of the decision of the Board from which no appeal was taken, affirming an order of the referee disallowing compensation.

The original cause was tried before the referee, and disallowance filed on November 15, 1927, and upon appeal to the Workmen's Compensation Board, the order of disallowance was affirmed on June 13, 1928. No further appeal was taken, and the present petition for a rehearing was filed on February 28, 1931, basing the same upon averments, inter alia, that the disallowance of the claim was the result of an erroneous finding of fact, and that at the time of the original hearing of the claim, claimant was suffering great mental and

physical illness, and a careful and proper presentation of his claim was rendered impossible. The board, on July 9, 1931, through its chairman, filed an order, dismissing the petition on the ground that the remedy of claimant was by appeal or petition for rehearing within the year, under the Act of April 13, 1927, P. L. 186 (196), and that the board is without power to grant the relief sought, although it was of the opinion that there may have been a miscarriage of justice in the first instance.

From this order, dismissing the petition, an appeal was taken to the court of common pleas on July 10, 1931, which court in an opinion by SMITH, P. J., on September 8, 1931, sustained exceptions, and directed the board to grant a rehearing. From that order, this appeal was taken.

The decision in this case depends upon the construction of Section 426 of the Workmen's Compensation Law, Act of June 2, 1915, P. L. 736, as amended by Section 6 of the Act of June 26, 1919, P. L. 642, and Section 8 of the Act of April 13, 1927, P. L. 186 (196).

Section 426 of the Workmen's Compensation Law, as amended by the Act of June 26, 1919, P. L. 642, reads as follows:

"The board upon petition of any party, and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth, to whom an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation, or other order or ruling, or has sustained or reversed any action of a referee. If the board shall grant a rehearing of any petition from the board's action on which an appeal has been taken to, and is pending in, the court of common pleas of any county of this Commonwealth under

the provisions of section four hundred and twenty-seven of this article, the board shall file in such court a certified copy of its order, granting such rehearing, and it shall thereupon be the duty of such court to cause the record of the case to be remitted to the board.''

This section expressly recognized the right of the Workmen's Compensation Board to grant a rehearing, and imposed no limitation of time within which such application for such rehearing might be presented. In the case of Manley v. Lycoming Motors Corporation, 83 Pa. Superior Ct. 173, in an opinion by our brother, Judge KELLER, it was held to apply to cases not appealed as well as to those where an appeal is pending.

This section was amended by Section 8 of the Act of April 13, 1927, P. L. 186, to read as follows (p. 196):

''The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth to whom an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any action of a referee, but such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee. . . . . . .''

The words of the statute, ''shall not be granted,'' are clear and precise, and are capable of only one interpretation, and that is, that the board does not, under the provisions of the act, have any power to grant a rehearing more than one year after it has sustained or reversed any action of the referee. The language of the Statute is mandatory, and must be given effect.

Quoting from Endlich on the Interpretation of Statutes, Section 432, page 609, the author says:

"It has been intimated that words relating to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, may, but negative words going to the power of jurisdiction cannot, be directory; and that in general, negative words will make a statute imperative ......"

The purpose and object to be accomplished by Section 8 of the Act of April 13, 1927, are obvious. The amendment of Section 426 of the Workmen's Compensation Law was intended to impose a definite limitation upon the time within which the Workmen's Compensation Board should have authority to consider a petition for a rehearing. The legislature used appropriate language to make its will effective, and we believe the court erred in failing to follow the plain words of the statute.

There is a close analogy between the section of the act here involved and Section 315 of the Workmen's Compensation Law which limits the time within which claims for compensation must be filed. That section reads as follows:

"In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof. In case of death all claims for compensation shall be forever barred, unless, within one year after the death, the parties shall have agreed upon the compensation under this article; or, unless, within one year after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made

in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

In Horn v. Lehigh Valley R. R. Co., 274 Pa. 42 (1922), Mr. Justice KEPHART, referring to the provisions of Section 315 of the act, said:

"The time limit in which claims might be filed was placed in the act, not only to produce a uniform practice, but to enable employers to know the period of time they could be called upon to respond for just claims, so that they might not be constantly expecting stale claims of doubtful merit. ......"

The mandatory character of the time limit imposed by the act was recognized in Smith v. Primrose Tapestry Co., 285 Pa. 145 (1926), wherein the court said at page 149:

"...... The limitation expressly named controls, and proceedings to be effective must be commenced within the time designated. ......"

The language of Section 426, as amended by the Act of April 13, 1927, is just as imperative as that in Section 315, and the mandatory character of the time limitation must be recognized in the former as well as in the latter.

We have given careful consideration to the able brief of counsel for appellee, but we cannot let sympathy, or the appealing facts in any particular case, overcome the plain words of the statute. To do so would destroy uniformity of practice, and make uncertain the administration of justice.

The court below, as well as the claimant, relies upon the case of Manley v. Lycoming Motors Corporation, supra. That case was decided April 21, 1924. At that time, there was no limitation as to time imposed by the act upon the power of the board to grant a rehearing. This limitation was imposed by the Act of April 13, 1927, and the Manley case therefore has no

application to the case at bar. The same may be said of the case of Ancello v. Tanning Co., 88 Pa. Superior Ct. 353, cited by the court below.

It is doubtful whether, in the absence of statutory authority, claimant was entitled to an appeal from the order of the Workmen's Compensation Board, dismissing claimant's petition for rehearing. We are not deciding the instant case on this view, but on the broad ground of the limitation under the act of assembly upon the power of the board to grant the relief sought.

The assignments of error are sustained, the order of the court below is reversed, and it is ordered and directed that the said court dismiss the appeal of claimant from the order of the board disallowing a rehearing. Costs to be paid by appellee.