## Calabria *v.* State Workmen's Insurance Fund et al., Appellants.

Argued November 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*S. H. Torchia,* with him *Guy K. Bard,* Attorney General, and *John T. J. Brennan,* for appellants.

*George Jerko,* with him *Frank P. Barnhart,* for appellee.

OPINION BY MR. JUSTICE LINN, January 9, 1939:

Claimant, Tony Calabria, in the course of his employment, was injured March 22, 1934. A compensation agreement was made providing that he should receive

$11.15 a week; it was paid until June 19, 1934; there-upon the State Workmen's Insurance Fund, hereafter called State Fund, filed its petition for an order of ter-mination, averring that claimant has "returned to work at his former occupation . . . and refuses to sign the final receipts." The referee heard the case, made find-ings of fact and on September 4, 1934, entered an order[1] terminating the agreement as of June 20, 1934. Claim-ant did not appeal from that final order. Subsequently he filed with the Workmen's Compensation Board, what he entitled, a "petition for review," dated January 12, 1935, in which he stated that he was ill during the time allowed for appeal, "but I am appealing the same now." The State Fund answered that the agreement had been terminated as of June 20, 1934, and that there was no "agreement to be reviewed or award in force at this time and aver that claimant's relief, if any, is by Petition for Rehearing." The Board referred the petition and the answer to the referee of District No. 7, who held a hear-ing and dismissed the petition May 6, 1935. If claimant thought that his illness extended the time for appeal, he was mistaken; as the agreement had been duly termi-nated, there was none to be reviewed. No appeal was taken.

On May 20, 1935, claimant filed a petition for re-hearing of "my compensation case." The State Fund was notified and answered; the Board made an order dated June 18, 1935, stating "the petition for rehearing in this case is denied without prejudice to claimant's right to timely file another petition supported by proper detailed affidavits." Claimant did nothing until on or about April 30, 1936, when he made an affidavit to a petition for rehearing which was filed May 4, 1936. The State Fund answered "that said petition for rehearing was not filed within one year from the referee's order of

---

[1] Pursuant to section 413, Article IV, Workmen's Compensation Act of 1915, as amended, 77 PS section 772.

termination dated September 4, 1934, in accordance with Section 426 of the Workmen's Compensation Act." The Board granted the rehearing and referred the proceeding to a referee, who, after hearing, dismissed the petition. Claimant appealed to the Board who set aside the order and directed compensation to be paid at the weekly rate specified, beginning June 20, 1934, with interest, etc. The State Fund appealed.

The question now is whether the petition for rehearing was filed within one year of the order as required by section 426 (77 PS section 871) of the statute; if it was not, the judgment must be reversed. The portion of the section[2] presently important, as amended April 13, 1927, P. L. 186, 196, reads: "The board, upon petition of any party and upon cause shown, . . . may grant a rehearing of any petition upon which the board[3] has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any action of a referee, but such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee . . ."

The contention of appellant is that, to obtain the desired rehearing, claimant had one year from September 4, 1934, in which to apply. In all, he filed three petitions, as has been stated: the first one, January 12, 1935, which was dismissed May 6, 1935; the second, May 20, 1935, dismissed June 18, 1935; the third, May 4, 1936, on which the common pleas reinstated the terminated agreement and ordered defendant "to pay compensation to said claimant in accordance with this compensation agreement beginning June 20, 1934." Claimant's

---

[2] The amendment of June 4, 1937, P. L. 1552, 1585, is not applicable to this proceeding.

[3] The order of the referee, unappealed from, became the order of the Board: *Manley v. Lycoming Motors Corp.*, 83 Pa. Superior Ct. 173, 177; *Conley v. Allegheny Co.*, 124 Pa. Superior Ct. 303, 307, 188 A. 385.

contention is that although the Board properly dismissed his petition of May 20, 1935, for rehearing, the fact that he filed it extended the period of a year allowed by the statute, so that instead of being required to bring in the State Fund on or before September 4, 1935, when the year ended, he had at least a year after June 18, 1935, in which to do it.[4] The statute does not say so and a majority of the members of this court think that the legislature did not intend that such a construction should be placed upon the words used. The order of June 18, 1935, disposed of the application finally and, at the same time, warned claimant of what he must do within the time provided by the statutory regulation if he wished to go ahead; the Board had no power to change that regulation: cf. *Wise v. Cambridge Springs,* 262 Pa. 139, 104 A. 863. Cases dealing with amendment of petitions filed in time do not help appellee because, when his petition was dismissed, there was nothing to amend.

Proceedings before the compensation authorities differ from proceedings in judicial tribunals. The Board is an administrative body administering the system of Workmen's Compensation under regulations established by law. The employer (or his insurance carrier) is en-

---

[4] In State Fund's petition to this court for leave to appeal from the decision of the Superior Court, the 7th paragraph is: "That in concluding as a matter of law that claimant's petition filed May 24, 1935, was not in fact dismissed by the Workmen's Compensation Board in its order of July 19, 1935, the Superior Court has injected a new and unauthorized interpretation of Section 426 and will give rise to a precedent for unwarranted practice on the part of many claimants who will file a petition for rehearing within one year knowing that it will be dismissed but by so doing will toll the running of the limitations contained in Section 426. That this is the first case of record which involves such a unique interpretation of Section 426. That it will undoubtedly cause undue hardship on insurance companies who will be required to retain their reserve on many cases indefinitely and it is therefore respectfully submitted that a very important principle involving the Workmen's Compensation Act of Pennsylvania is in dispute . . ."

titled to notice as specified in the Act, and, receiving such notice, must appear or suffer by default. If, after hearing, the Board dismisses a proceeding, it is ended unless kept alive by appeal to the court. After such dismissal, if claimant desires again to bring it to the attention of the Board, he may do so only in such way as the legislature has provided, or not at all. When, therefore, the petition was dismissed by the order dated June 18, 1935, the State Fund was relieved from further obligation on the agreement, although, as the year from September 4, 1934, had not yet elapsed, the State Fund remained liable under section 426 during the remainder of that year to answer an application for rehearing if again brought before the Board in the manner provided by the Act, but the legislature did not intend that the period could be indefinitely extended by merely filing petitions from time to time and having them dismissed.

In *Horn v. Lehigh Valley Railroad Co.*, 274 Pa. 42, 117 A. 409, we said: "The time limit in which claims might be filed was placed in the act not only to produce a uniform practice, but to enable employers to know the period of time they could be called upon to respond for just claims, so that they might not be constantly expecting stale claims of doubtful merit . . ." See also *Wise v. Cambridge Springs*, 262 Pa. 139, 104 A. 863; *Dolan v. Com.*, 106 Pa. Superior Ct. 74, 161 A. 763; *McGuire v. Dougherty*, 119 Pa. Superior Ct. 485, 180 A. 168. We do not think that the dismissal of the petition "without prejudice to claimant's right to timely file another petition" kept the State Fund before the Board as it would have been kept, if, for example, the Board had made an order retaining jurisdiction of the petition and directing or giving leave to claimant to amend it: compare *Vitkovic v. Penna. Clay Co.*, 278 Pa. 474, 123 A. 469.

In support of the order appealed from, reference was also made to amendment of pleadings in judicial proceedings, but the analogy fails. After a party has been

brought into court by service of process, he remains in court an active party until he is dismissed and during that period the statutes and rules providing for amendments to pleadings are operative. But the rule before the administrative board is otherwise, because the legislation is different. When the petition of May 20, 1935, was dismissed, nothing remained before the Board; the State Fund was dismissed and was no longer subject to the Board's order on that petition; it might of course be brought in again, as we have said, if claimant renewed the proceeding as provided by the Act; but this he failed to do: compare *McGuire v. Dougherty*, 119 Pa. Superior Ct. 485, 180 A. 168.

The judgment is reversed and the record is remitted to the Court of Common Pleas to enter an order consistent with this opinion.