Opinion by
 

 Cunningham, J.,
 

 This is a perfectly useless appeal by a claimant in
 
 *593
 
 a workmen’s compensation case from the judgment entered against her, October 31, 1940, by the court below upon a disallowance of compensation by the board.
 

 We gather from the unappealed from findings of fact of the referee who conducted the original hearing on the claim-petition of Frances Cosenza, the claimant-appellant herein, that while in the course of her employment with the appellee baking company on
 
 August 20, 1985,
 
 her left hand was accidentally caught in a dough roller and the “little, ring and middle, fingers” thereof so injured that their use has been permanently lost. No agreement for compensation was executed by the parties.
 

 If appellant, within one year after the accident, had filed her claim-petition in accordance with Section 410 of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186, 77 PS §751, (in force at the time of the accident), she would have been entitled to an adjudication of the merits of her demand for compensation. The fundamental barrier which appellant has not surmounted in this case is that she did not file her claim-petition until
 
 September 8, 1986.
 
 Although represented by counsel at the hearing before the referee, appellant was not brought within any of the exceptions to 'Section 315 of the statute, 77 PS §602, nor within such cases as
 
 Somerton v. The Bell Telephone Co. of Pa.,
 
 111 Pa. Superior Ct. 264, 169 A. 579;
 
 Guy v. Stoecklein Baking Co. et al.,
 
 133 Pa. Superior Ct. 38, 1 A. 2d 839, and
 
 Cotton v. John Wood Mfg. Co.,
 
 126 Pa. Superior Ct. 528, 191 A. 189. Moreover, the referee specifically found that “at no time in this case was there any compensation paid.”
 

 At the conclusion of that hearing it became the clear duty of the referee to enforce the legislative mandate that, under the circumstances there shown, “compensation shall be forever barred.” He, accordingly, on
 
 *594
 
 October 27,1936, entered an order dismissing the claim-petition and disallowing compensation. Under date of October 30, 1936, appellant and her counsel were notified in writing by the secretary of the board of the decision of the referee and that an appeal therefrom to the board might be taken within twenty days. No
 
 appeal was ever taken from this disallowance by the referee.
 
 Appellant, however, was not without a remedy if she had any competent evidence which would legally excuse her failure to file her claim-petition within the year following the accident.
 

 In addition to the right of appeal, there was also available to her the auxiliary remedy of a petition for a rehearing, under section 426 of the statute, as amended by the Act of April 13, 1927, P. L. 186, 77 PS §871, in effect when the referee entered his disallowance of October 27,1936. But that section specifically attached a limitation of one year to the exercise of the remedy thereunder in language just as mandatory as that contained in section 315.
 

 The language of the section is: “But such rehearing shall not be granted more than one year after” the action relative to which a rehearing is sought has been taken.
 

 The section has been repeatedly and definitely construed to mean exactly what it says. See
 
 Dolan v. Com. of Pa.,
 
 106 Pa. Superior Ct. 74, 77, 161 A. 763;
 
 McGuire v. Dougherty & Jennings et al.,
 
 119 Pa. Superior Ct. 485, 180 A. 168, and particularly the opinion of Mr. Justice Linn in
 
 Calabria v. State Workmen’s Insurance Fund et al.,
 
 333 Pa. 40, 3 A. 2d 322.
 

 Appellant’s right to petition for a rehearing upon the merits of her claim for compensation expired October 30, 1937. More than a year after that date, viz., on February 18, 1939, appellant filed with the board a petition for a rehearing in which she alleged, inter alia, that her claim-petition had not been filed until after the ex
 
 *595
 
 piration of the one year period following the accident by reason of improper conduct on the part of her employer and the insurance carrier’s physician which misled and deceived her.
 

 On March 6, 1939, (three days before the appellees filed their answer denying any improper conduct) the board, as then constituted, acting apparently in pure defiance of the decisions above cited, granted appellant’s petition and remanded the record “for further hearing and determination.” On October 4,1939, such a hearing was held at Philadelphia before Referee Sheldrake. It is beyond question that the board had no jurisdiction to entertain the petition; everything done under it was therefore utterly void and of no effect.
 

 Counsel for appellant, in fact, concede (Brief p. 23) the rehearing petition was filed too late, but contend the appellees waived any rights they may have had to raise that question by taking part in the rehearing proceedings. The record shows counsel for appellees made vigorous and timely objections to the proceedings, both at the outset and before entering upon the cross-examination of appellant’s witnesses, (pp. 3 & 31), expressly stating they were “in no way waiving [their] objection or [their] contention [as] to the lack of authority of the board to do what was done in this case.” There is no merit in this contention in behalf of appellant.
 

 In
 
 Ratto et al. v. Penna. Coal Co.,
 
 102 Pa. Superior Ct. 242, 156 A. 749, the non-resident widow of a deceased employee filed a claim-petition sixteen months after her husband’s death. After the employer had filed an answer which failed to plead the expiration of the limitation period for filing such a petition, letters rogatory with interrogatories were issued and the employer then propounded cross interrogatories “without prejudice to its rights to raise any and all legal and proper objections to these proceedings, as well as to the claim
 
 *596
 
 herein presented and the sufficiency of the evidence covered hy the interrogatories in this' case.” At a subsequent hearing before a referee and before any testimony was received, the employer made a formal objection to the late filing of the petition. After pointing out that the limitation contained in section 315 is not a technical statute of limitation, but a statute of repose, “which extinguishes the right and not merely the remedy, and may be invoked without having been specially pleaded” — which reasoning incidentally applies also to the limitation in section 426 — we made the following statement: “The additional contention that the employer estopped itself from setting up the bar of the statute by propounding cross interrogatories and by its delay in raising the question must also be overruled. The cross interrogatories were submitted subject to the reservation we have quoted and there is nothing in the record justifying a suggestion that the employer was in any way responsible for the long delay in bringing the proceedings to an issue.”
 

 This opinion might well stop at this point. In order, however, to guard against the doing of any injustice to appellant through the rigid enforcement against her of the established principles of law to which reference has been made, we have examined all the evidence upon this record — tending either to establish or disprove her charges of fraud, improper conduct and coercion, upon the part, of appellees. That evidence is conflicting. The referee, upon weighing the testimony and passing upon the credibility of the opposing witnesses, made, and the board adopted, these material findings of fact. As to the payment of any compensation which would have suspended the running of the limitation of one year under section 315, he found: “4. That no compensation was paid or no agreement for compensation entered into.”
 

 Upon the other contentions of appellant, his finding reads: “5. That there was no fraud, deception or
 
 *597
 
 coercion, practiced upon [the claimant] in connection with the execution of the claim petition.”
 

 As the record contains substantial competent-evidence supporting these findings, neither the court below nor this court may revise or reverse them.
 

 Every issue of fact raised by this appellant has been decided against her by the tribunals whose exclusive province it was to decide them. The assignments of error are severally overruled.
 

 Judgment affirmed.