## Pittner v. Hockensmith Wheel & Mine Car Company et al.

*James Kennedy,* for claimant.

*H. A. Stewart* and *H. Reginald Belden,* for defendant.

McWHERTER, J., July 3, 1944.—In this case both the referee and the Workmen's Compensation Board refused claimant compensation because the accident happened on February 6, 1942, and the claim petition was not filed until May 3, 1943. Claimant lost the sight of his left eye. There is no dispute about his blindness, neither is it disputed that the blindness was caused by

an accident which occurred in the course of his employment. We feel that under the facts in this case the claim is not barred.

Claimant was struck in the eye with a plug or bolt while at work, immediately reported to his foreman, was taken to the person employed by defendant to administer first aid, was sent to a Dr. O'Connell in Jeannette, was there treated by him, told to return the next day, and was then told by Dr. O'Connell that unless his eye became worse he need not return to the doctor's office. Claimant returned to work and has continued to work ever since. On November 14, 1942, claimant, not being satisfied with his sight, went to Dr. Baldwin, an eye specialist in the City of Greensburg, and there learned that he had lost the sight of his left eye. Claimant immediately reported this information to Mr. William Smith, Sr., secretary of the defendant company, who caused claimant to be sent to a Dr. Kuchner in Pittsburgh, Pa., on December 4, 1942, where he was examined by the doctor with the aid of an X-ray. About six weeks after the visit to Dr. Kuchner's office, which would be about January 13, 1943, claimant went to see Mr. Smith and inquired about his compensation. Mr. Smith advised that he had not heard anything and then said, "Wait, I will call", meaning that he would call the insurance company, as the conversation between the two, from time to time, was whether Mr. Smith had heard anything from defendant's insurance carrier. Defendant states that he did not wait to see whether Mr. Smith called the insurance company or not. On another occasion when asked whether he had heard from the insurance company Mr. Smith stated "No, it takes time, it takes time". On another occasion Mr. Smith stated to claimant that the insurance company had a great many cases and was short of help. Claimant inquired of Mr. Smith five or six times about when the insurance carrier would pay for his eye, the last conversation being in the latter part of March or

in April 1943, when Smith advised him that the insurance company disputed the claim, giving the reason that the eye could have been bad before the injury.

From the whole record the referee and the board would be justified in reaching the conclusion that between the date of the injury on February 6, 1942, and November 14, 1942, when Dr. Baldwin found the left eye to be blind, neither claimant nor defendant company had any knowledge that claimant had lost the industrial use of his left eye and, in turn, that neither contemplated the payment of compensation by reason of the accidental injury. The five or six conversations between claimant and Mr. Smith, secretary of the company, were unquestionably between November 14, 1942, and April 1943 at the latest, during which period payment of compensation was being considered by both parties.

Neither defendant nor his carrier saw fit to offer any testimony to refute the medical testimony submitted by claimant that his left eye was blind. The only defense is the limitation imposed by the statute. This is a claim for the loss of a specific member and there is nothing controversial about the nature and extent of the injury. In such cases it is common knowledge that it is the custom of the employer to cause to be prepared and submitted to the employe a compensation agreement providing for the payment of the specific amounts called for in the act for the loss of the member involved. The record does not disclose why such an agreement was or was not entered into. There was at least a moral obligation on defendant in view of the five or six trips claimant made to inquire about his compensation, either to enter into an agreement or to advise him that the claim was disputed. That there was no intention to dispute the claim on its merits is indicated by defendant's failure to submit medical testimony regarding claimant's eye, after having had the advantage of an examination by a doctor of its own selection.

Claimant takes the position that he was lulled into a sense of security by Mr. Smith's remarks concerning the insurance carrier, such as, "It takes time, you know", "They have so many cases and they are short of help," "I will call", etc. While defendant was, of course, not the agent of claimant for the purpose of filing his claim, nevertheless defendant took advantage of claimant by putting him off from time to time until after the year had elapsed. It is with ill grace that defendant now interposes the statute of limitations and thus takes advantage of the conduct of its own secretary.

The referee made no finding as to whether claimant was or was not misled by the various conversations concerning compensation. The board, in its opinion, in effect has arrived at a finding that he was not so misled. The record does not sustain such a finding but rather the converse, that he was misled.

The facts in the cases of Rowles v. State Workmen's Insurance Fund et al., 141 Pa. Superior Ct. 193, and Cosenza v. General Baking Co. et al., 147 Pa. Superior Ct. 591, are not sufficiently similar to the facts in this case to justify the position that those cases rule here. We believe this case is controlled by the principles laid down by Judge Parker in Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38. There the court recognized the line of decisions which distinguish between a pure statute of limitations and a statute such as we have here, which qualifies the granting of a substantive right by condition as to the time within which action to enforce it may be maintained. In the Guy case defendant actually promised claimant that compensation would be paid. In the instant case defendant did not make any positive promise that compensation would be paid by the insurance carrier, but made statements which would lead claimant to believe that it was merely a question of time. Mr. Smith's statement on one of the occasions that "I will call up", for example

would indicate that he was keeping in touch with the insurance carrier and was merely waiting for information. It is not necessary to find that Mr. Smith was intentionally trying to trick claimant, but his conduct resulted in the delay in filing.

We have somewhat similar facts in the case of Meyers v. Lehigh Valley Transportation Co. et al., 138 Pa. Superior Ct. 569. There Judge Rhodes, in commenting on defendant's duties, said at page 573:

"After the insurance company moved to have claimant examined, it devolved upon it to make a prompt report to claimant as to its attitude in order that he might protect his rights by consulting counsel or filing his claim petition if it denied liability."

That is actually what happened here. Defendant's physician, Dr. Kuchner, examined claimant December 4, 1942, and it was not until March or April 1943 that Mr. Smith advised claimant that his claim was being disputed. Defendant and its insurance carrier are estopped from asserting the defense of the statute of limitations.

From the record in this case the wages of claimant cannot be ascertained. There are no findings by either the referee or the board as to wages, neither does there appear to be any testimony upon the question of his earnings. We will refer the matter back to the board.

### Decree

Now, July 3, 1944, after argument and after due and careful consideration, a majority of the judges concurring, it is ordered, adjudged, and decreed that the exceptions filed by the claimant be and the same are hereby sustained, the order of the Workmen's Compensation Board is reversed, and the record is remitted to the Compensation Board with directions to cause further testimony to be taken and to arrive at a determination of this case in the light of the foregoing opinion.