Overmiller *v.* D. E. Horn & Co., Inc., Appellant.

564

Argued December 16, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Robert O. Beers, with him Fisher, Ports, May & Beers, for appellants.

Harry I. Weisbord, with him J. Ross McGinnis, and Gitman & Weisbord, for appellee.

OPINION BY WOODSIDE, J., March 24, 1960:

W. Luther Overmiller filed a workmen's compensation claim on September 16, 1953, alleging that he suffered a compensable injury on March 19, 1953. After hearing testimony, which showed that the claimant suffered a heart attack, the referee filed his decision on March 17, 1954, disallowing compensation on the ground that the claimant's disability was due to na-

tural causes not connected or associated with an accident.

The claimant appealed to The Workmen's Compensation Board, but subsequently requested permission to withdraw the appeal. The board granted the claimant's request on June 7, 1954. More than a year later, on August 4, 1955, the claimant filed a petition for a rehearing. The board took no action on this petition until July 13, 1956, when it granted the claimant's request. From the order granting the rehearing, the defendant appealed to the Court of Common Pleas of York County, contending that the board had no authority to order a rehearing because the petition was filed more than one year after the date of the order sought to be reheard.

In its opinion, the court said, ". . . it seems crystal clear from the authorities that claimant is definitely barred by Section 426 of the Act in force at the time and the amendment of 1956 is of no avail." It concluded, however, that the order of the board was interlocutory, and dismissed the appeal. The defendant then appealed that order to this Court.

Section 426 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as last amended prior to 1956, 77 PS §871, provided, inter alia, as follows: "The board, upon petition of any party and upon cause shown . . . may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than *one year* after the board has made such award, disallowance or other order or ruling, . . ." (Italics supplied)

In applying this provision to the matter before us there can be no doubt that the claimant's petition for

rehearing was filed too late and is barred by the statute. The board lacked authority to consider it.

In *Dolan v. Commonwealth of Pennsylvania,* 106 Pa. Superior Ct. 74, 77, 78, 161 A. 763 (1932), this Court said concerning the above section: "The words of the statute, 'shall not be granted,' are clear and precise, and are capable of only one interpretation, and that is, that the board does not, under the provisions of the act, have any power to grant a rehearing more than one year after it has sustained or reversed any action of the referee. The language of the Statute is mandatory, and must be given effect.

. . .

"The purpose and object to be accomplished by Section 8 of the Act of April 13, 1927, are obvious. The amendment of Section 426 of the Workmen's Compensation Law was intended to impose a definite limitation upon the time within which the Workmen's Compensation Board should have authority to consider a petition for a rehearing. The legislature used appropriate language to make its will effective, and we believe the court erred in failing to follow the plain words of the statute."

"Where a statute fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence." *Schrenkeisen v. Kishbaugh,* 162 Pa. 45, 48, 29 A. 284 (1894); *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior Ct. 38, 46, 1 A. 2d 839 (1938).

David L. Ullman, now Judge of the Court of Common Pleas of Philadelphia, and an authority on Workmen's Compensation Law, said in Workmen's Compensation Law and Practice in Pennsylvania, page 9: "This is not an ordinary statute of limitations, but a statutory period of limitations, and when the time has

elapsed, not merely the remedy, but the right has perished. Ratto v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242. The only way in which the period of limitations may be extended is by estoppel (citations omitted). This is true of every period of limitations in the Act."

William A. Skinner, Esq., in The Workmen's Compensation Law of Pennsylvania, 4th Ed., Vol. II, page 832, says: "The words of the statute, 'shall not be granted,' are clear and precise, and are capable of only one interpretation, and that is, that the Board does not, under the provisions of the act, have any power to grant a rehearing more than one year after it has sustained or reversed any action of the Referee. The language of the Statute is mandatory, and must be given effect." See also *Calabria v. State Workmen's Insurance Fund*, 333 Pa. 40, 3 A. 2d 322 (1939).

Section 426, supra, was amended by the Act of February 28, 1956, P.L. (1955) 1120, which changed the "one year," shown above in italics, to "eighteen months." This amendment became effective March 30, 1956. (See Sec. 2, P.L. 1145.) The claimant contends that this amendment determines the period within which his petition for reargument had to be filed.

The dates, upon which this determination must be made, are June 7, 1954, when the board authorized the withdrawal of the appeal;[1] August 4, 1955, when the claimant filed his petition for rehearing; and March 30, 1956, the effective date of the amendment extending from one year to eighteen months, the statutory

---

[1] The defendant suggests that the disallowance of compensation made on March 17, 1954, and not the order allowing withdrawal of the appeal, is the date from which the period referred to in section 426 starts running. In this case, it is immaterial which of the two dates we use, as the result would be the same. Therefore, we shall use the latter date.

period within which petitions for rehearings could be considered by the board.

The board did not grant the rehearing until July 13, 1956, more than two years after its prior order, but we shall ignore this date as it is the date of filing the petition, and not the date of the board's action thereon, which ordinarily governs. *Marinho v. Glen Alden Coal Co.*, 108 Pa. Superior Ct. 560, 165 A. 506 (1933).

There is no language in the amending statute of 1956 from which there could be inferred an intent of the legislature to make it retroactive, and the rules of statutory construction prohibit our giving it retroactive effect.

Had the amendment of 1956 become effective *within one year of the order of the board*, it would have extended the time for filing a petition for rehearing from 1 year to 18 months from the date of the order. *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa. Superior Ct. 470, 16 A. 2d 754 (1941); *Matkosky v. Midvale Company*, 143 Pa. Superior Ct. 197, 199, 18 A. 2d 102 (1941). *As to causes which are not barred*, a statute of limitation may be extended, or even repealed. 34 Am. Jur., Limitation of Actions, §29, §33.

But, here the cause was barred. The year within which the board had a statutory right to consider a petition for rehearing had passed without any petition having been filed. It is accepted, almost without exception or qualification, that after an action has become barred by an existing statute of limitations, no subsequent legislation will remove the bar or revive the action. See 67 A.L.R. 298, 303; 34 Am. Jur., Limitation of Actions, §22, 53 C.J.S., Limitation of Actions, §5, note 66; and numerous cases cited in the above encyclopedias.

The rule is based primarily upon the fundamental principle of statutory construction that statutes are

presumed to operate prospectively. "There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively unless the language is so clear as to preclude all question as to the intention of the legislature": *Taylor v Mitchell*, 57 Pa. 209, 211 (1868); *Phila., Baltimore & Washington R. R. v. Quaker City Flour Mills Co.*, 282 Pa. 362, 366, 127 A. 845 (1925).

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Statutory Construction Act of May 28, 1937, P.L. 1019, §56, 46 PS §556. See *Oliphant v. Smith*, 6 Watts 449 (1837); *Sawdey Liquor License Case*, 369 Pa. 19, 22, 85 A. 2d 28 (1951); *Anderson v. Sunray Electric, Inc.*, 173 Pa. Superior Ct. 566, 569, 98 A. 2d 374 (1953).

The new provisions in an amendment (in this case the provision for the additional 6 month period) must "be construed as effective only from the date when the amendment became effective," (in this case March 30, 1956). Section 73 of the Statutory Construction Act, *supra*, 46 PS §573. The amendment cannot relate to a petition filed prior to its effective date, or to procedural steps completed before its enactment. 82 C.J.S., Statutes, §422.

Because the procedural provisions of statutes are sometimes applied to cases in which the right to the claim arose before the effective date of the procedural statute, it is occasionally suggested that the rule requiring prospective operation of statutes does not apply to procedural provisions. Generally speaking, however, the application of statutory procedural provisions to pending cases is following the rule of the prospective operation of statutes, because the new procedure applied to pending cases is that procedure which takes place after, and not before, the passage of the

statute. The cases cited by the appellee are examples of this: *Seneca v. Yale & Towne Mfg., Co.*, supra, where the statutory period of limitation which would have expired after the effective date of the statute was extended; *Ware v. Northern Metal Co.*, 147 Pa. Superior Ct. 102, 24 A. 2d 119 (1942), where the reenacted statute was applied to a petition filed after the effective date of the act and within the period prescribed by statute; *Hickey v. Cudahy Packing Co.*, 153 Pa. Superior Ct. 45, 33 A. 2d 285 (1943), where the amendment of 1939 was applied to a petition filed after its effective date; *Hartman v. Pa. Salt Mfg. Co.*, 155 Pa. Superior Ct. 86, 38 A. 2d 391 (1944), where the limiting statute was held to constitute a bar two years after it became effective.

The claimant cites no cases and refers to no authorities which hold or suggest that where the action has been barred, it can be revived by a change in the limitations of law.

What we have said above refers in the main to both statutes of limitations and statutes of repose. The right of action here is created by The Workmen's Compensation Act, which also contains the limitation here being considered. The limitation, therefore, constitutes a statute of repose. *First Pool Gas Coal Co. v. Wheeler Run Coal Co.*, 301 Pa. 485, 489, 152 A. 685 (1930).

Such statutes are in the nature of conditions put by the law upon the right given. *Guy v. Stoecklein Baking Co.*, supra, 133 Pa. Superior Ct. 38, 45, 1 A. 2d 839 (1938). They bar not only the remedy but the right. *Ratto v. Penna. Coal Co.*, 102 Pa. Superior Ct. 242, 246, 156 A. 749 (1931).

In *Harrington v. Mayflower Mfg. Co.*, 173 Pa. Superior Ct. 130, 132, 96 A. 2d 180 (1953), Judge RENO

speaking for this Court said: "Moreover, the provision in §413, supra, (like those contained in §315, 77 P.S. §602, and §426, 77 P.S. §871.) is not a technical statute of limitation which, in conformity with common law practice, must be affirmatively pleaded as a defense. It is strictly *a statute of repose which completely extinguishes the right and not merely the remedy,* and may be invoked even though it has not been pleaded." (emphasis supplied.) Cited there among other cases were: *Cosenza v. General Baking Co.,* 147 Pa. Superior Ct. 591, 24 A. 2d 735 (1942) and *Calabria v. State Workmen's Insurance Fund,* supra, 333 Pa. 40, 3 A. 2d 322 (1939), which dealt with section 426, supra, involved in the matter now before us.

When the time prescribed in the statute has expired, "the right to recover is defeated." *Martin v. Pittsburg Rys. Co.,* 227 Pa. 18, 21, 75 A. 837 (1910). When the right is completely extinguished it cannot be revived or reinstated. *Jericho v. Liggett Spring & Axle Co.,* 176 Pa. Superior Ct. 128, 138, 106 A. 2d 846 (1954); *Ratto v. Penna. Coal Co.,* supra, 102 Pa. Superior Ct. 242, 246, 156 A. 749 (1931).

We should note that the claimant seeks to have the amendment applied to a petition filed *before* the amendment was effective, in a case where the extended period, of eighteen months after the last board order, had *expired before the statute became effective.* To support this position, we must conclude that the amendment of 1956 not only relates to all petitions filed thereafter, but to all petitions previously filed. There may be any number of petitions for rehearings resting in the files of the board, which, having been filed after the statutory period of limitation, were ignored by all concerned. Under the claimant's theory, all of these which were not more than 6 months late when filed could now be revived and acted upon by the board even though the

action was barred for any number of years. The legislature could not have intended the Act of 1956 to revive claims barred years prior thereto.

Even if the legislature by specific language had indicated its intention to accomplish such results, our Supreme Court has held that such statutory provision should not be carried out. The legislature attempted such procedure by the Act of April 22, 1857, directing the courts, on petition of any party interested, to grant the review of a decree of distribution, with the same effect as if the application had been made within five years after the decree, which prior to the Act of 1857 was the period within which review was permitted by statute. When an effort was made to review a decree of distribution filed more than five years prior to the effective date of the Act of 1857, the Court, while admitting the clearly expressed intent of the legislature to permit such review, refused to review such decree: *Baggs's Appeal,* 43 Pa. 512 (1863).

As we have stated, there was no effort on the part of the legislature by the Act of 1956 to revive claims which had been barred, but had the legislature made any such attempt there is authority to indicate that it would be unconstitutional: *Stewart v. Keyes,* 295 U.S. 403, 416, 417, 55 S. Ct. 807 (1935); *Baggs's Appeal,* supra; 11 Am. Jur., Constitutional Law, §368.

Summarizing: The amendment of 1956 contains no language from which there can be gathered an intent to have it apply retroactively to petitions filed prior to its effective date. Under the Statutory Construction Act and the decisions of the courts of this and other states, the statute *must* be applied prospectively. The limitations in section 426, supra, constitute a statute of repose. The power of the board to entertain a petition for review ceased at the end of one year after its last order. The right of the claimant was completely ex-

tinguished at that time, and such right cannot be revived or reinstated. In the amendment of 1956, the legislature made no attempt to revive the rights which had already been extinguished, and there are decisions of our Supreme Court and the Supreme Court of the United States which indicate that the legislature could not have breathed life into these barred claims even if it intended to do so.

Ordinarily, an order of the board granting a new hearing is interlocutory and not appealable. *Giana v. Byllesby Engineering & Management Co.*, 122 Pa. Superior Ct. 156, 185 A. 866 (1936); *Newancavitch v. Pittsburgh Terminal Coal Corp.*, 131 Pa. Superior Ct. 391, 200 A. 2d 137 (1938). Here, however, the board considered a petition for rehearing in direct violation of its statutory authority. The merits were argued before us and before the court below. In the language of the court below it is "crystal clear" that the claimant is barred by law. It would not further the administration of justice to permit a board to reopen this case, have testimony taken before a referee, and probably then have the case argued before the board and again before the court below and this Court, when it is clear to us now that the board has no right to set in motion such procedure. The board has no jurisdiction to entertain the petition and everything which would be done under it would be "utterly void and of no effect." *Cosenza v. General Baking Co.*, supra, 147 Pa. Superior Ct. 591, 24 A. 2d 735 (1942). Our responsibility here is somewhat similar to that of an appellate court where a writ of prohibition is in order to prevent a subordinate court from proceeding in matters over which it has no jurisdiction. Here, the board's lack of statutory authority to hear the matter was clear to the court below and is clear to us. We believe we should indicate this in our order.

The order of the board granting a rehearing is reversed, and the case remitted to the court below for the entry of such order by it.