## Yohey v. Lacoe

*Thomas J. Evans*, for plaintiffs.
*Leonard R. Apfelbaum*, for defendants.

KREISHER, P. J., February 22, 1971.—The above-captioned action was instituted October 29, 1970, by the filing of a complaint in assumpsit and a praecipe for a writ of fraudulent debtors' attachment.

The matter is now before the court on defendants' preliminary objections in the nature of a motion to strike off the entire proceedings, because the complaint on its face alleges a mere promise to pay which is barred by the statute of limitations and the attachment is not predicated upon a final judgment. The third objection relating to matters of form becomes moot in the event the first two objections are sustained. The fourth objection is a demurrer which, in effect, is the same as the first objection.

Pennsylvania Rule of Civil Procedure 1017(b), (4) as amended, and effective September 1, 1969, provides:

"Preliminary objections are available to any party and are limited to: . . .

"(4) a demurrer, which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim. . . ."

This amended rule changes the prior practice of pleading an affirmative defense under the heading

"New Matter" if the defense is based upon a non-waivable statute of limitation which bars the right of action and is apparent on the face of the complaint.

The Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31, provides, inter alia, that personal actions for the payment of money grounded upon any informal lending agreement not under seal are barred unless commenced within six years after the cause of action arose.

Appellate interpretation of both statutes of limitations and statutes of repose hold they are in the nature of conditions put by the law upon the right given and they bar not only the remedy but the right: Overmiller v. D. E. Horn & Co., Inc., 191 Pa. Superior Ct. 562, 570.

An examination of the complaint reveals the parties entered into a real estate transaction in 1959. After certain financing negotiations were concluded, defendants on July 22, 1959, executed a note in plaintiffs' favor in the amount of $5,000 payable in 60 days. The note was not entered of record, and on March 3, 1960, the parties met in counsel's office, at which time defendants paid $2,500 and received delivery of the note upon an oral promise to execute and deliver a new note for $2,500. Defendants failed to keep their promise and the matter remained dormant. In 1969, defendants conveyed the real estate involved in the transaction to the mortgagee in accordance with a contract reserving to them the right of the first option to repurchase. The mortgagee bank sold the property to a third party at considerable loss without notifying defendants in accordance with said option. Thereafter, defendants sued the bank for breach of contract and recovered a sizable verdict in 1970. The bank paid the money into court, and on October 29, 1970, counsel for plaintiffs instituted the above-captioned action. The complaint contains no allegations of acknowledgment, new promise or part payment between March 3, 1960, and October 29, 1970,

so it appears obvious on the face of the complaint the demurrer must be sustained, since the present suit is not upon the original note under seal, but rather upon the mere oral promise to pay made more than six years before October 29, 1970: Oldhouser v. Stauffer, 19 D. & C. 2d 647.

Fraudulent debtors' attachment is an extraordinary remedy created by statute and governed by the Rules of Civil Procedure and because of the unusual nature of the proceedings, the statutes and the rules are strictly construed; therefore, a plaintiff seeking to take advantage of the remedy must show full compliance with the requirements thereof: 10 Standard Pa. Practice, 308, sec. 221. Pa. R. C. P. 1286 limits the said remedy to only those cases where a defendant with intent to defraud plaintiff has:

(1) Removed or is about to remove property from the jurisdiction of the court.

(2) Concealed or is about to conceal property.

(3) Transferred or is about to transfer property.

(4) Concealed himself within, absconded or absented himself from the Commonwealth.

In addition to plaintiff having their remedy in assumpsit barred, which alone is sufficient reason to dissolve the collateral attachment in rem, a perusal of the pleadings fails to reveal any of the required allegations as enumerated above. The money was paid into court and defendants are standing by with great anticipation.

Pa. R. C. P. 1291(a) provides for the dissolution of an improper attachment by petition. However, under the particular circumstances of this case, we conclude the court may treat defendants' second preliminary objection in the nature of a petition to dissolve, and, since it is evident from the pleadings, defendants have not removed, concealed or transferred their persons or their property from the jurisdiction of the

court, the attachment should be dissolved: Scientific Living, Inc. v. Broaddus et al., 71 York 149.

### ORDER OF COURT

And now, to wit, February 22, 1971, it is ordered that the preliminary objections filed on behalf of defendants in the nature of a demurrer to plaintiffs' complaint be and the same are hereby sustained and the fraudulent debtors' attachment is forthwith dissolved. Costs to be paid by plaintiffs. Exception noted.