Workmen's Compensation Appeal Board and Sollen T. Sinor *v.* Cornell and Company and Hartford Insurance Group, Insurance Carrier, Appellants.

Submitted on briefs, October 9, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John P. Knox*, with him *Curtis Wright*, and, of counsel, *Timoney, Knox, Avrigian & Hasson*, for appellants.

*Joseph Lurie*, with him, of counsel, *Galfand, Berger, Senesky, Lurie & March*, for appellee.

182

OPINION BY JUDGE BLATT, February 3, 1976:

On January 2, 1973, Sollen T. Sinor (claimant) is alleged to have sustained a back injury while in the course of his employment with Cornell and Company (employer), and he filed a Claim Petition for disability benefits pursuant to The Pennsylvania Workmen's Compensation Act[1] (Act). The employer answered by denying that an injury had occurred in the course of employment, and the matter was then assigned to a referee for a hearing. At the hearing on October 11, 1973, and with his counsel present, the claimant and his employer apparently entered into an agreement pursuant to which the claimant, in consideration of $6,500, stipulated that the Claim Petition would be dismissed with a finding that no injury occurred on January 2, 1973 and that the agreement constituted a final settlement, thereby foreclosing the possibility of his filing any additional claims under the Act as a result of the alleged injury. The referee adopted the stipulated facts and conclusions as his own findings and then dismissed the claimant's petition.[2] Thereafter, and without the aid of his counsel, the claimant filed a timely appeal from the referee's decision to the Workmen's Compensation Appeal Board (Board), challenging the finding that no injury occurred and asserting that he was not given an opportunity to testify on this issue. The Board, relying upon the stipulation, dismissed the appeal on April 4, 1974 as being without merit. No appeal from that decision followed, but, subsequent to the expiration of the appeal period on May 28, 1974, the claimaint filed a Petition with the Board, asking a review of the provisions of the compensation agreement pursuant to Section 413 (a) of the Act, 77 P.S. §771. He alleged that the

---

1. Act of June 2, 1915, P. L. 736, *as amended*, 77 P. S. §1 et seq.

2. The referee makes no mention of the $6,500 paid by the employer and received by the claimant but it is admitted that this amount was the consideration exchanged for the stipulation.

agreement of settlement was entered at a time when his counsel was unaware of his total and continuing disability. The employer answered, asserting the res judicata effect of the Board's decision, and the matter was again assigned to a referee who dismissed the Petition for Review. The claimant again filed a timely appeal to the Board which, upon reviewing the entire matter, concluded that the agreement was a procedure not contemplated by the Workmen's Compensation Act and was, therefore, null and void. The Board then ordered the case back to a referee to conduct a de novo hearing on the claimant's original Claim Petition. The employer has appealed from that decision, and the claimant has filed a motion to dismiss the appeal on the grounds that it is interlocutory. This motion is now before us.

Generally speaking, an order from the Board remanding a case to a referee for the taking of testimony is interlocutory and an appeal therefrom is premature, *Harris v. No. 1 Contracting Corporation of Delaware,* 215 Pa. Superior Ct. 524, 258 A.2d 663 (1969). *See, Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Comomnwealth Ct. 380, 316 A.2d 151 (1974); *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). We stated in *Workmen's Compensation Appeal Board v. E. C. Apparatus Corp.,* 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975) that

"we must be cautious in short-cutting the administrative process and that appeals from the interlocutory orders of administrative bodies should be allowed only under very unusual circumstances. We have thus far entertained appeals from remand orders of the Board in only two cases: United States Fabricators, Inc. v. Zindash, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973) and Riley Stoker Corporation v. Workmen's Compensation Appeal Board, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973) and in Royal Pioneer, supra,

we discussed the distinguishing features respectively of those two cases." 20 Pa. Commonwealth Ct. at 131, 339 A.2d at 900-901.

While it seems clear that *Zindash* does not apply here, the employer argues strenuously that *Riley Stoker* is a close parallel. There we denied a motion to quash an appeal from a remand order of the Board because it was patently clear that the matter had come before the Board on an untimely appeal from a referee's decision, and we recognized that justice would not be served through encouraging a remand proceeding which would merely delay the recognition of a result made inevitable by the fact of the untimely appeal. Also *see, Overmiller v. D. E. Horn & Co.*, 191 Pa. Superior Ct. 562, 159 A.2d 245 (1960). The employer argues that the claimant's May 28, 1974 Petition for Review is nothing more than an untimely attempt to appeal the April 4, 1974 decision of the Board. This may be true but the employer's position here is not so patently obvious as was that of the appellant in *Riley Stoker*, for Section 413 (a) expressly authorizes either party to a workmen's compensation agreement to petition the Board for Review of the agreement at any time. The remand proceeding here, therefore, is not clearly null and void, and we cannot now prematurely decide whether or not Section 413 (a) has been properly employed. We, therefore, issue the following

ORDER

AND, NOW, this 3rd day of February, 1976, the motion of Sollen T. Sinor to quash the appeal by Cornell and Company from the order of the Workmen's Compensation Appeal Board is hereby granted and the record is remanded to the Workmen's Compensation Appeal Board for appropriate action.