## Dettrey v. Keckler

*Robert G. Teeter, Assistant District Attorney,* for complainant.
*Walton V. Davis,* for defendant.

SPICER, *P.J.,* March 28, 1979—A complaint was filed under the Civil Procedural Support Law of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S.A. §6704, for the support of a child born out of wedlock on October 10, 1975. There were no allegations in the complaint, which was filed July 31, 1978, which would have tolled the statute of limitations governing criminal proceedings under the now repealed provisions of the Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §4323, and the matter is presently before the court on a motion for judgment on the pleadings.

While there are some indications that the legislature cannot revive cases barred by a statute of limitation, we are of the opinion that the legislature could have given complainant the right to sue in this case. In its opinion in Overmiller v. D. E. Horn

& Co., Inc., 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960), the Superior Court noted that where a right is created by the same act which contains limitation, any subsequent attempt to revive actions barred by the statute may be unconstitutional: Id. at 573. However, when rights exist independently of legislation setting the period of limitations, it becomes a matter of statutory construction to determine whether the legislature intended the period to be retroactively applied: Id. at 569, 570.

This court is of the opinion that rights to claim support by a child born out of wedlock are not conferred by the Civil Procedural Support Law, but by other law, such as The Support Law of June 24, 1937, P.L. 2045, as amended, 62 P.S. §1973. The Civil Procedural Support Law only affords the means by which duties can be enforced, whereas in the Support Law, supra, it is definitely provided that a parent is liable for the support of his child. There is no qualifying definition in this act to exclude children born out of wedlock. Furthermore, we do not believe children born out of wedlock could constitutionally be excluded under authority of such cases as Trimble v. Gordon, 430 U.S. 762 (1977). However, since a classification based upon legitimacy is not per se suspect, the legislature has been free to impose reasonable standards for proving paternity in cases of children born out of wedlock: Id. The prior law made a criminal determination of paternity a prerequisite to civil proceeding. Thus, in defining "Duty of Support," the legislature included, for children born out of wedlock, duties imposed or imposable by "prosecutions for failure to support a child born out of wedlock." Courts, in construing this section, held that a court had no civil jurisdiction absent an acknowledgment, a waiver, or a criminal prosecution: Com. ex

rel. Yentzer v. Carpenter, 240 Pa. Superior Ct. 202, 362 A. 2d 1101 (1976). Furthermore, when the prosecution mandated was barred by the statute of limitations, a civil action could not be brought: Com. ex rel. Kolodziejski v. Tancredi, 222 Pa. Superior Ct. 436, 295 A. 2d 174 (1972).

Thus, it is apparent that this action was barred under prior law. The question then is, did the legislature revive it?

A reading of the act, 42 Pa.C.S.A. §6704, fails to show any indication that the legislature addresses the subject. In the absence of a clear and manifest intention, it must be presumed that the legislature did not intend to give retroactive effect to actions barred by prior law: 1 Pa.C.S.A. §1926.

Thus, the following order is entered.

## ORDER

And now, March 28, 1979, judgment on the pleadings is entered in favor of defendant and against complainant. Costs shall be paid by the County of Adams.