**Weaver v. Smith**

*Elwood R. Harding, Jr.,* for plaintiff.
*William J. Patrick,* for defendant.

MYERS, *P.J.,* September 14, 1979—Plaintiff commenced the instant action for support on January 24, 1979. In the complaint, plaintiff alleges that the child in question was born on January 24, 1973, out of wedlock.

Defendant denies that he fathered the child. Defendant has never acknowledged paternity, nor has he ever voluntarily contributed to the support of the child.

At the time that the child in question was born, the statute of limitations for a paternity action was two years, computed from the date of birth of the child: Act of July 13, 1953, P.L. 431, as amended, 62 P.S. §2043.35 [see now, Judicial Code, 42 Pa.C.S.A. §6704]. The period of limitation was subsequently amended to six years, effective June 27, 1978: 42 Pa.C.S.A. §6704(e).

However, the amendments which lengthened the statute of limitations do not specify whether the six-year limitation is to be applied retroactively. Defendant accordingly has filed a demurrer raising the statute of limitations as a defense to the instant action.

Statutes are presumed to operate prospectively. "No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S.A. §1926.

In the present case, the amending statute contains no language suggesting an intent to render its provisions retroactive. Accordingly, the application of the amendments must operate only prospectively.

Plaintiff's right of action was therefore extinguished four years ago, when the two-year statute of limitations expired. Her right of action has not been revived by the new amendments, because those amendments fail to evince any retroactive intent: Overmiller v. D. E. Horn & Co., Inc., 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960).

If an action is not yet barred by a prior statute of limitations, the applicable statute may be extended, or even repealed, by subsequent legislation: Seneca v. Yale & Towne Mfg. Co., 142 Pa. Superior Ct. 470, 16 A. 2d 754 (1941). In addition, if an action is pending at the time that a period of limitation is modified, the amended limitation is applicable to the pending action: Wiegand Appeal, 214 Pa. Superior Ct. 371, 257 A. 2d 627 (1969).

In the present case, however, the earlier statute of limitations had expired prior to the institution of plaintiff's action. Further, her action was not pending at the time the period of limitation was changed. Defendant's demurrer must therefore be sustained.

### ORDER

And now, September 14, 1979, the demurrer filed by defendant is sustained, and the above-captioned matter is hereby dismissed.